■ DIANE BOOTH, Appellant, v CITY OF NEW YORK et al., Respondents, RAFFAELE CARUSO et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendant. ROCCO FLOC-CARI et al., Third-Party Defendants-Respondents. [707 NYS2d 488] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Bruno, J.), entered February 19, 1999, as, upon the granting of the separate motions of the defendants and the third-party defendants for summary judgment, is in their favor and against her dismissing the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The plaintiff was injured when she slipped and fell on ice while walking on a public sidewalk that abutted property owned by the defendants Raffaele Caruso and Maria Caruso (hereinafter the owners), and leased by the defendants Rocco Floccari, Antoinette Floccari, and Rocco Hair Cutter (hereinafter the tenant). An owner or lessee of property abutting a public sidewalk is under no duty to pedestrians to remove ice and snow that naturally accumulates upon the sidewalk in front of the premises (*see, Blum v City of New York*, 267 AD2d 341; *Bautista v City of New York*, 267 AD2d 265; *Verdino v Alexandrou*, 253 AD2d 553), unless a statute specifically imposes tort liability for failing to clear the sidewalk (*see, Norcott v Central Iron Metal Scraps*, 214 AD2d 660). Here in the absence of any such statute liability will not result unless it is shown that the owner or tenant, by his or her ice and snow removal, made the condition on the sidewalk more hazardous (*see, Stewart v Yeshiva Nachlas Haleviym*, 186 AD2d 731).

There is no evidence on this record that the tenant's snow removal methods created or increased the hazardous condition on the public sidewalk. Although Administrative Code of the City of New York § 16-123 does require the owners to remove snow and ice from an abutting public sidewalk, it does not specifically impose tort liability for a breach of that duty (*see, Norcott v Central Iron Metal Scraps, supra*). Accordingly, the owners cannot be held liable for failing to clear the public sidewalk.

The City cannot be held liable, as the plaintiff failed to establish that the City had actual or constructive notice of the icy condition on the public sidewalk or a reasonable time within which to remedy the condition (*see, Drevis v City of New York*, 257 AD2d 595; *Grillo v New York City Tr. Auth.*, 214 AD2d 648). Thompson, J. P., Luciano, Feuerstein and Schmidt, JJ., concur.