■ HENRY R. PLONA et al., Appellants, v CITY OF NEW YORK, Defendant, and ROBERT SLETHOLT, Respondent. [734 NYS2d 191] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Kramer, J.), dated August 21, 2000, as, upon the granting of the motion of the defendant Robert Sletholt pursuant to CPLR 4404 (a) to set aside a jury verdict finding him to be 80% at fault in the happening of the accident, dismissed the complaint insofar as asserted against him.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

Contrary to the plaintiffs' contention, the Supreme Court properly granted the motion of the defendant Robert Sletholt (hereinafter Sletholt) to set aside the verdict. In granting such a motion, a court must "first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v*

*Hallmark Cards,* 45 NY2d 493, 499). "The test is not whether the jury erred in weighing the evidence presented, but whether any viable evidence exists to support the verdict" (*Kozlowski v City of Amsterdam,* 111 AD2d 476, 477; *see, Barker v Bice,* 87 AD2d 908).

Sletholt had no duty to pedestrians to remove snow and ice that naturally accumulated on the public sidewalk abutting his premises. Liability could be imposed on Sletholt only if the plaintiffs demonstrated that the condition of the sidewalk was made more hazardous by the removal of the snow (*see, Bautista v City of New York,* 267 AD2d 265, 266). Here, the plaintiffs failed to present legally sufficient evidence that Sletholt's wife created the allegedly dangerous condition on the sidewalk by shoveling the night before the accident, or that the shoveling made the condition of the sidewalk worse.

In light of our determination, we need not address the plaintiffs' remaining contentions. H. Miller, J. P., Townes, Crane and Cozier, JJ., concur.