■ MARIO LOPEZ, Respondent, v CITY OF NEW YORK, Respondent, MATITYAHU TENENBAUM et al., Appellants, et al., Defendant. [736 NYS2d 628] —In an action to recover damages for personal injuries, the defendants Matityahu Tenenbaum and Judy Tenenbaum appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated November 17, 2000, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The Supreme Court properly denied the motion of the defendants Matityahu Tenenbaum and Judy Tenenbaum (hereinafter the defendants) for summary judgment dismissing the complaint and the cross claims insofar as asserted against them. The proponent of a motion for summary judgment bears the initial burden of making "a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *see, Katona v Low,* 226 AD2d 433). Although ordinarily an owner of property is under no duty to pedestrians to remove snow or ice that naturally accumulates on the public sidewalk in front of his or her premises (*see, Lakhan v Singh,* 269 AD2d 427; *Verdino v Alexandrou,* 253 AD2d 553; *Stewart v Yeshiva Nachlas Haleviym,* 186 AD2d 731; *see also, Roark v Hunting,* 24 NY2d 470), once the property owner undertakes to remove the snow

and ice from the sidewalk, he or she must do so with reasonable care, and liability may result if it is shown that the property owner made the sidewalk more hazardous (*see, Glick v City of New York,* 139 AD2d 402; *see generally, Lakhan v Singh, supra; Stewart v Yeshiva Nachlas Haleviym, supra*). The record contains evidence that the icy sidewalk where the plaintiff fell had been shoveled, and the defendants failed to establish that neither they nor someone under their control shoveled or removed the snow from the sidewalk. Therefore, they failed to demonstrate as a matter of law that they did not cause, create, or otherwise increase the hazardous condition on the sidewalk (*see, Mejia v City of New York,* 272 AD2d 453; *Jiuz v City of New York,* 244 AD2d 298; *Fezza v Rogers,* 167 AD2d 599). Santucci, J.P., S. Miller, Friedmann and Prudenti, JJ., concur.