■ JOSEPH YEN HSIA et al., Respondents, v CITY OF NEW YORK et al., Respondents, and ELEFTHERIOS MOSHONAS et al., Appellants. [744 NYS2d 887] —In an action to recover damages for personal injuries, etc., the defendants Eleftherios Moshonas and Rosa Moshonas appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County

(Schulman, J.), dated May 10, 2001, as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, with costs, the cross motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the defendants Joseph Caputo and Lucia Caputo is severed.

An owner or lessee is under no duty to pedestrians to remove ice and snow that naturally accumulates upon the sidewalk in front of his or her premises (*see Booth v City of New York,* 272 AD2d 357, 358; *Lakhan v Singh,* 269 AD2d 427). The failure to remove all of the ice and snow is not negligence (*see Spicehandler v City of New York,* 303 NY 946; *Kennedy v C & C New Main St. Corp.,* 269 AD2d 499), and liability will not result unless it is shown that the property owner made the sidewalk more hazardous in attempting to remove the ice and snow (*see Lakhan v Singh, supra; Velez v City of New York,* 257 AD2d 570).

Here, the appellants presented evidence which established their prima facie entitlement to summary judgment (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). In response, the plaintiff failed to raise any issues of fact as to whether the defendants caused or created the injury causing ice patch "through incomplete snow removal efforts, apart from unsubstantiated hypotheses and suppositions by the plaintiffs' attorney, which are insufficient to defeat a motion for summary judgment" (*Penny v Pembrook Mgt.,* 280 AD2d 590, 591; *see Plona v City of New York,* 289 AD2d 215, 216). Prudenti, P.J., Ritter, McGinity and Townes, JJ., concur.