■ Olga Archer, Respondent, v City of New York et al., Respondents, and Champion Furniture, Inc., et al., Appellants. [752 NYS2d 698] —In an action to recover damages for personal injuries, the defendants Champion Furniture, Inc., and Carl Best appeal from so much of an order of the Supreme Court, Kings County (M. Garson, J.), dated April 9, 2002, as denied their cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff allegedly sustained injuries on January 11, 1996, when she slipped and fell on an accumulation of snow and ice in the vicinity of a curb cut at the intersection of 31st Street and Church Avenue in Brooklyn. The plaintiff fell while trying to gain access to the adjacent sidewalk where the snow had been cleared. She sued the City of New York and the owners of the property abutting the sidewalk. Additionally, she sued Champion Furniture, Inc., the lessee of the premises, and the operator of the furniture store at that location, Carl Best (hereinafter the Champion defendants). The abutting property owners successfully moved for summary judgment. The Champion defendants cross-moved for summary judgment, arguing

that their snow removal efforts did not extend to the curb cut area where the plaintiff fell, and did not worsen the existing conditions. Conversely, the plaintiff claimed that the four- to five-inch pile of ice and snow upon which she slipped might have been the result of the snow removal efforts of the Champion defendants. We now reverse the Supreme Court's denial of the cross motion.

It is well settled that an owner or lessee of property abutting a public sidewalk is under no duty to pedestrians to remove snow and ice that naturally accumulates upon the sidewalk in front of the premises unless a statute specifically imposes tort liability for failing to do so (*see Shivers v Price Bottom Stores,* 289 AD2d 389; *Palmer v City of New York,* 287 AD2d 553, *lv denied* 98 NY2d 611; *Alexis v Lessey,* 275 AD2d 754; *Booth v City of New York,* 272 AD2d 357). When, as in this case, there is no such statutory liability (*see Booth v City of New York, supra; Kloberdanz v Estate of Arena,* 262 AD2d 286), the failure to remove all of the snow from a storm will not result in liability unless it is shown that the owner or lessee made the sidewalk more hazardous through negligent snow removal efforts (*see Klein v Chase Manhattan Bank,* 290 AD2d 420; *Palmer v City of New York, supra; Alexis v Lessey, supra; Booth v City of New York, supra*). The Champion defendants established their prima facie entitlement to summary judgment by submitting evidence which demonstrated that they undertook no snow removal efforts in the area where the plaintiff fell and did not otherwise exacerbate the snow and ice condition at that location. The plaintiff failed to proffer any evidence in opposition indicating that the Champion defendants created or exacerbated the condition of the curb cut area, nor did the provisions of the lease applicable to the premises give rise to a duty owed by the Champion defendants to the plaintiff to clear and maintain that area (*see Hsia v City of New York,* 295 AD2d 565; *Klein v Chase Manhattan Bank, supra; Plona v City of New York,* 289 AD2d 215; *Penny v Pembrook Mgt.,* 280 AD2d 590; *Kennedy v C & C New Main St. Corp.,* 269 AD2d 499; *Reidy v EZE Equip. Co.,* 234 AD2d 593). Accordingly, summary judgment should have been granted to the Champion defendants. Smith, J.P., O'Brien, Krausman and Rivera, JJ., concur.