■ JOSEPH FEILER, Appellant, v GREYSTONE BUILDING Co. et al., Respondents and Third-Party Plaintiffs-Respondents, et al., Defendant. SOO NAM KIM, Doing Business as GREYSTONE DELI/GREYSTONE SUPERMARKET, et al., Third-Party Defendants-Respondents. [754 NYS2d 634] —Order, Supreme Court, Bronx County (Betty Stinson, J.), entered November 13, 2001, which, in an action for personal injuries sustained when plaintiff slipped on snow and ice in front of a building owned by defendant, insofar as appealed from, granted motions by defendant and third-party defendant commercial tenant for summary judgment dismissing the complaint as against defendant, unanimously affirmed, without costs.

Plaintiff's deposition testimony admitting that he had no direct knowledge as to when or by whom snow had been removed from the sidewalk where he fell in front of third-party defendant's store, defendant building owner's denial that he, or anyone acting on his behalf, had anything to do with snow removal from the sidewalk adjacent to any of the ground-floor stores in the building, and defendant's production of a lease making it third-party defendant's responsibility to remove snow from in front of his store, sufficed to show, prima facie, that defendant did not attempt to remove snow from the area of the sidewalk where plaintiff fell, and therefore cannot be held liable for plaintiff's injuries (*see Bennett v Berger*, 283 AD2d 374; *Rodriguez v City of New York*, 269 AD2d 324; *Quiles v 200 W. 94th St. Corp.*, 262 AD2d 169). We reject plaintiff's argument that Administrative Code of the City of New York § 16-123 (a), which makes sidewalk snow removal the responsibility of "[e]very owner, lessee, tenant, occupant, or other person, having charge of any [abutting] building or lot of ground," renders landlords vicariously liable for their tenants' negligent snow removal. Concur—Tom, J.P., Ellerin, Lerner and Marlow, JJ.