■ RAUL NEGRON et al., Appellants, v G.R.A. REALTY, INC., et al., Respondents, et al., Defendants. [762 NYS2d 287] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Flug, J.), dated June 10, 2002, as granted the respective motions of the defendants G.R.A. Realty, Inc., and Knitting R & D Corp. for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

An owner or lessee of property abutting a public sidewalk is under no duty to pedestrians to remove snow and ice that naturally accumulates upon the sidewalk in front of the premises unless a statute or ordinance specifically imposes tort liability for failing to do so (*see D'Ambrosio v City of New York,* 55 NY2d 454 [1982]; *Roark v Hunting,* 24 NY2d 470, 475 [1969]; *Shivers v Price Bottom Stores,* 289 AD2d 389, 390 [2001]). In municipalities such as New York City where there are no such statutes or ordinances (*see Booth v City of New York,* 272 AD2d 357, 358 [2000]; *Kloberdanz v Estate of Arena,* 262 AD2d 286, 287 [1999]), the failure to remove all of the snow that accumulated during a storm will not result in liability unless it is shown that the owner or lessee made the sidewalk more hazardous through negligent snow removal efforts (*see Klein v Chase Manhattan Bank,* 290 AD2d 420 [2002]). Here, in opposition to the prima facie showing by the property owner and the lessee of entitlement to judgment as a matter of law, the plaintiffs failed to raise a triable issue of fact as to whether the property owner, and/or the lessee engaged in negligent snow-removal efforts (*see Hsia v City of New York,* 295 AD2d 565, 566 [2002]; *Plona v City of New York,* 289 AD2d 215 [2001]; *Penny v Pembrook Mgt.,* 280 AD2d 590 [2001]). Thus, the

Supreme Court properly granted the respondents' respective motions for summary judgment. Ritter, J.P., S. Miller, Goldstein and H. Miller, JJ., concur.