■ CHARLES RAO, Respondent, v MANSOOR HATANIAN, Appellant. (And a Third-Party Action.) [768 NYS2d 335]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Jacobson, J.), dated May 7, 2003, which denied his motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

An owner of property abutting a public sidewalk is under no duty to pedestrians to remove snow and ice that naturally accumulates upon the sidewalk in front of the premises unless a statute or ordinance specifically imposes tort liability for failing to do so (see *D'Ambrosio v City of New York*, 55 NY2d 454 [1982]; *Negron v G.R.A. Realty*, 307 AD2d 282 [2003]; *Palmer v City of New York*, 287 AD2d 553 [2001]). Where, as here, there is no such statute or ordinance, the failure to remove all of the snow from a storm will not result in liability unless it is shown that the property owner made the sidewalk more hazardous through negligent snow removal efforts (see *Negron v G.R.A. Realty, supra; Palmer v City of New York, supra*). In opposition to the defendant property owner's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact with respect to his claim that the defendant's negligent shoveling of the snow made the sidewalk more hazardous (see *Vergara v City of New York*, 304 AD2d 750 [2003]; *Muro v Romano*, 301 AD2d 582 [2003]; *Savage v Shah*, 297 AD2d 795 [2002]; *Alexis v Lessey*, 275 AD2d 754 [2000]). Accordingly, the defendant's motion for summary judgment should have been granted. Krausman, J.P., Schmidt, Mastro and Rivera, JJ., concur.