■ MARLENE KLOTZ, Respondent, v CITY OF NEW YORK et al., Respondents, and YAWANTRAJ JAIN, Appellant. [781 NYS2d 357]—

In an action to recover damages for personal injuries, the defendant Yawantraj Jain appeals from an order of the Supreme Court, Queens County (Flug, J.), dated September 30, 2003, which denied his motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him.

Ordered that the order is reversed, on the law, with one bill of costs, the motion is granted, the complaint and all cross claims are dismissed insofar as asserted against the defendant Yawantraj Jain, and the action against the remaining defendants is severed.

The plaintiff alleged that she slipped on ice on a crosswalk and the curb cut of a sidewalk abutting property owned by the appellant. An owner or lessee of property abutting a public sidewalk is under no duty to pedestrians to remove snow and ice that naturally accumulates upon the sidewalk in front of the premises unless a statute or ordinance specifically imposes tort liability for failing to do so (see D'Ambrosio v City of New York, 55 NY2d 454 [1982]; Rao v Hatanian, 2 AD3d 616, 617 [2003]; Negron v G.R.A. Realty, 307 AD2d 282 [2003]). In New York City, prior to September 14, 2003, there were no such statutes (see Administrative Code of City of NY § 7-210, as added by Local Law No. 49 [2003] of City of NY § 1 [imposing tort liability for accidents occurring on or after Sept. 14, 2003, on certain abutting landowners, for failure to maintain a sidewalk in a reasonably safe condition, including negligent failure to remove snow and ice]; cf. Booth v City of New York, 272 AD2d 357, 358 [2000]). Thus, for accidents occurring prior to September 14, 2003, which would otherwise be subject to the statute, such as the subject accident, liability will not result unless the owner's or lessee's snow removal efforts made the sidewalk more hazardous (see Klein v Chase Manhattan Bank, 290 AD2d 420 [2002]).

In opposition to Jain's prima facie showing of entitlement to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]), the plaintiff and the defendant City of New York failed to proffer any evidence sufficient to raise a triable issue of fact with respect to their claim that the shoveling of snow by Jain's employee rendered the crosswalk or curb cut more hazardous (see Rao v Hatanian, supra; Yen Hsia v City of New York, 295 AD2d 565, 566 [2002]; Penny v Pembrook Mgt., 280 AD2d 590, 591 [2001]). Accordingly, Jain's motion for summary judgment dismissing the complaint and all cross claims

insofar as asserted against him should have been granted. Santucci, J.P., Schmidt, Townes and Rivera, JJ., concur.