ABRAHAM FRIEDMAN et al., Appellants, v EMANUEL STAUBER, Respondent. [795 NYS2d 612]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Orange County (Peter C. Patsalos, J.), entered January 23, 2004, which, upon the granting of the defendant's motion pursuant to CPLR 4401 for judgment in favor of the defendant and against them, as a matter of law, made at the close of their case, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff Abraham Friedman was injured when he slipped and fell on a patch of ice on a public sidewalk in front of the defendant's driveway. At trial, he testified that snow had fallen a day or two before his accident, and that the local municipality had cleared all of the streets and sidewalks of snow by the time of his accident. The defendant could not remember the snowfall in question, but testified that he generally cleared his driveway, including the section of sidewalk in front of it, when it snowed. At the close of the plaintiffs' case, the defendant moved pursuant to CPLR 4401 for judgment in his favor as a matter of law, on the ground that the plaintiffs failed to show that he created, or exacerbated, the icy condition of the sidewalk. The Supreme Court granted the motion and dismissed the complaint. We affirm.

Generally, an owner of property abutting a public sidewalk is under no duty to pedestrians to remove ice and snow that naturally accumulates upon the sidewalk in front of their premises (*see Alexis v Lessey,* 275 AD2d 754 [2000]; *Reidy v*

*E.Z.E. Equip. Co.*, 234 AD2d 593 [1996]; *Kay v Flying Goose*, 203 AD2d 332 [1994]). However, once a property owner undertakes to remove the snow or ice from the sidewalk, he or she must do so with reasonable care, and liability may result if it is shown that they made the sidewalk more hazardous (*see Lopez v City of New York*, 290 AD2d 539 [2002]).

Here, the Supreme Court properly granted the defendant's motion. Viewing the evidence presented at trial by the plaintiffs in a light most favorable to them (*see Xenakis v Vorilas*, 166 AD2d 586 [1990]; *Ferlito v Great S. Bay Assoc.*, 140 AD2d 408 [1988]), there was no rational process by which a trier of fact could have found that the defendant created or exacerbated the icy condition of the sidewalk in front of his driveway (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Krakofsky v Fox-Rizzi*, 273 AD2d 277 [2000]). Florio, J.P., Adams, Luciano and Skelos, JJ., concur.