■ URSULINA MARTINEZ et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [799 NYS2d 252]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated May 7, 2004, as granted that branch of the motion of the defendant Naomi Jacobson which was for summary judgment dismissing the complaint insofar as asserted against her and those branches of the separate motion of the defendant City of New York which were to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action and for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, that branch of the motion of the defendant Naomi Jacobson which was for summary judgment dismissing the complaint insofar as asserted against her and those branches of the cross motion of the defendant City of New York which were to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action and for summary judgment dismissing the complaint insofar as asserted against it are denied, and the complaint is reinstated insofar as asserted against those defendants.

The plaintiff Ursulina Martinez allegedly was injured when she slipped and fell on ice and snow on a public sidewalk abutting premises owned by the defendant Naomi Jacobson. She and her husband (asserting derivative claims) commenced this action against, among others, Jacobson and the City of New York to recover damages for personal injuries. The Supreme Court, inter alia, granted summary judgment to Jacobson and the City of New York dismissing the complaint insofar as asserted those defendants. We reverse.

The accident at issue occurred before September 14, 2003, the effective date of revisions to the Administrative Code of the City of New York that imposed tort liability on certain abutting property owners for failure to maintain a sidewalk in a reasonably safe condition, including the negligent failure to remove snow and ice (see Administrative Code of City of New York § 7-210; Klotz v City of New York, 9 AD3d 392 [2004]). Thus, Jacobson may only be held liable in tort for the damages alleged if snow and ice removal efforts by her or on her behalf made the sidewalk more hazardous (id.). Here, in support of her motion

for summary judgment, Jacobson failed to demonstrate, prima facie, that neither she nor anyone on her behalf undertook to remove snow and ice, or that any such efforts did not make the naturally-occurring conditions more hazardous. Indeed, she testified that she had an arrangement with a neighbor for snow and ice removal. Thus, the complaint should not have been dismissed insofar as asserted against Jacobson.

In support of its cross motion, the City of New York failed to demonstrate, prima facie, that it lacked actual or constructive notice of the alleged dangerous and defective condition created by the snow and ice, or that a reasonable amount of time had not elapsed within which to remedy the alleged snow and ice condition that caused the slip and fall (see Shivers v Price Bottom Stores, 289 AD2d 389, 390 [2001]; Pui Fong Tam v City of New York, 257 AD2d 613 [1999]). Thus, the complaint should not have been dismissed insofar as asserted against the City of New York. Adams, J.P., S. Miller, Ritter and Fisher, JJ., concur.