■ Wu Zhou Wu, Also Known as Wo Zhou Wu, Appellant, v Korea Shuttle Express Corporation, Defendant, and Garden Hotel, Inc., Respondent. [808 NYS2d 82]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kelly, J.), dated July 15, 2004, which granted the motion of the defendant Garden Hotel, Inc., for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff alleged that he slipped on an ice patch on a public sidewalk abutting property leased by the respondent, Garden Hotel, Inc. "An owner or lessee of property abutting a public sidewalk is under no duty to pedestrians to remove snow and ice that naturally accumulates upon the sidewalk in front of the premises unless a statute or ordinance specifically imposes tort liability for failing to do so" (*Negron v G.R.A. Realty,* 307 AD2d 282 [2003]).

In opposition to the respondent's prima facie showing of entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]), the plaintiff failed to raise a triable issue of fact that the respondent undertook to remove snow, or that due to its snow removal on or about the date of the accident, it created a more hazardous condition (*see Negron v G.R.A. Realty, supra; Yen Hsia v City of New York,* 295 AD2d 565, 566 [2002]; *Plona v City of New York,* 289 AD2d 215, 216 [2001]). We note that the accident at issue occurred before September 14, 2003, the effective date of revisions to the Administrative Code of the City of New York that imposed tort liability on certain abutting property owners for failure to maintain a sidewalk in a reasonably safe condition, including the negligent failure to remove snow and ice (*see* Administrative Code of City of NY § 7-210; *Martinez v City of New York,* 20 AD3d 513, 514 [2005]). Adams, J.P., Crane, S. Miller and Mastro, JJ., concur.