■ NAKISHA REYNOLDS, Appellant, v ROBERT GENDRON, Respondent. [812 NYS2d 898]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered November 18, 2004, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured when she slipped and fell on a sidewalk adjacent to premises owned by the defendant. The sidewalk was owned by the Village of Ossining.

Generally, an owner of property is under no duty to pedestrians to remove snow and ice that naturally accumulates upon a public sidewalk abutting his or her premises (*see Roark v Hunting*, 24 NY2d 470, 475 [1969]; *Verdino v Alexandrou*, 253 AD2d 553 [1998]). A landowner can be held liable to a pedestrian injured by snow and ice on a public sidewalk, when the landowner's "snow and ice removal efforts . . . made the sidewalk more hazardous" (*Martinez v City of New York*, 20 AD3d 513, 514 [2005]; *see Friedman v Stauber*, 18 AD3d 606 [2005]). In opposition to the defendant's prima facie showing of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact (*see Martinez v City of New York, supra; Friedman v Stauber, supra*).

The plaintiff's remaining contentions are without merit. Miller, J.P., Ritter, Spolzino and Dillon, JJ., concur.