■ LARISA KRICHEVSKAYA et al., Appellants, v CITY OF NEW YORK et al., Defendants, and HAIM HALEVY, Respondent. [817 NYS2d 103]—

In an action to recover damages for personal injuries, etc., the

plaintiffs appeal from an order of the Supreme Court, Kings County (Solomon, J.), dated July 15, 2005, which granted the motion of the defendant Haim Halevy for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action to recover damages for personal injuries which the plaintiff Larisa Krichevskaya allegedly sustained when she slipped and fell on ice on the sidewalk in front of the defendant Haim Halevy's premises. Halevy moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that he neither created nor had actual or constructive notice of the icy condition, and the Supreme Court granted his motion. We affirm.

"A party may be held liable for a hazardous condition created on its premises as the result of the accumulation of snow or ice during a storm upon a showing that it had actual or constructive notice of the dangerous condition and that a reasonably sufficient time had lapsed since the cessation of the storm to take protective measures" (*Robles v City of New York*, 255 AD2d 305, 306 [1998]). Moreover, "once the property owner undertakes to remove the snow and ice from the sidewalk, he or she must do so with reasonable care, and liability may result if it is shown that the property owner made the sidewalk more hazardous" (*Lopez v City of New York*, 290 AD2d 539, 539-540 [2002]), that is, caused, created, or exacerbated the icy condition (*see Jablons v Peak Health Club, Inc.*, 19 AD3d 369 [2005]).

Halevy established, prima facie, that he neither created nor had actual or constructive notice of the icy condition that allegedly caused Krichevskaya to slip and fall. In opposition, the plaintiffs merely speculated that Halevy created the icy condition by negligently shoveling the sidewalk. Such speculation was insufficient to raise a triable issue of fact to defeat the motion (*see Scher v Kiryas Joel Hous. Dev. Fund Co.*, 17 AD3d 660 [2005]; *Trabolse v Rizzo*, 275 AD2d 320 [2000]; *Gittler v K.G.H. Realty Corp.*, 258 AD2d 504 [1999]; *Goodwin v Knolls at Stony Brook Homeowners Assn.*, 251 AD2d 451 [1998]). Schmidt, J.P., Spolzino, Fisher and Lifson, JJ., concur.