■ DANIEL CARACCIOLO, Appellant, v ALLSTATE INSURANCE COMPANY et al., Respondents., et al., Defendants. [835 NYS2d 740]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated September 30, 2005, as granted those branches of the respective motions of the defendants Allstate Insurance Company, the Rosenberg Agency, Inc., and Bradan, Inc., and the defendants Davidoff Beauty Salon and Yura Davidoff, which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff allegedly was injured when he slipped and fell on ice that had formed on the public sidewalk in front of the

premises of the defendants Allstate Insurance Company, the Rosenberg Agency, Inc., and Bradan, Inc. Their independent snow removal contractor had removed the snow from the sidewalk and had piled it adjacent to the sidewalk. The snow then melted, ran across the sidewalk, and refroze. The adjacent premises were leased by the defendants Davidoff Beauty Salon and Yura Davidoff. In support of their motions, inter alia, for summary judgment dismissing the complaint insofar as asserted against them, the moving defendants established their entitlement to judgment as a matter of law by demonstrating that they had no duty to pedestrians such as the plaintiff to remove snow from the public sidewalk, since the applicable provision of the local code did not impose tort liability (*see Klotz v City of New York*, 9 AD3d 392, 393 [2004]; *Rao v Hatanian*, 2 AD3d 616, 617 [2003]; *Negron v G.R.A. Realty*, 307 AD2d 282 [2003]). In the absence of such a duty, the moving defendants were not liable for the creation of any dangerous condition by the independent contractor who removed the snow (*cf. Olivieri v GM Realty Co., LLC*, 37 AD3d 569 [ 2007]). In opposition, the plaintiff failed to raise a triable issue of fact. Spolzino, J.P., Krausman, Skelos and Dickerson, JJ., concur.