YAN QUAN WU et al., Respondents, v CITY OF NEW YORK, Respondent-Appellant, and PIETRO DIBENEDETTO et al., Appellants-Respondents. [839 NYS2d 548]—

In an action to recover damages for personal injuries, etc., the defendants Pietro Dibenedetto and Antonia Dibenedetto appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), entered October 28, 2005, as denied their motion, in effect, for summary judg-

ment dismissing the complaint and all cross claims insofar as asserted against them, and the defendant City of New York separately appeals, as limited by its brief, from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, and the motion of the defendants Pietro Dibenedetto and Antonia Dibenedetto, in effect, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, are granted.

The injured plaintiff's deposition testimony established that he slipped and fell in a grassy area between a public sidewalk and a curb as he was approaching a bus stop. It was snowing at the time of the accident, and there was an accumulation of snow on the ground. The injured plaintiff claimed that while he was on the ground, he could feel and see a large patch of ice in the area where he fell. The plaintiffs subsequently commenced this action against the defendants Pietro Dibenedetto and Antonia Dibenedetto (hereinafter the defendant homeowners), the owners of the residence which abutted the sidewalk adjacent to where he fell, as well as against the City of New York. These defendants separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, and the Supreme Court denied their respective motions. We reverse.

The defendant homeowners demonstrated their prima facie entitlement to judgment as a matter of law by establishing that, while they elected to shovel the sidewalk abutting their premises earlier on the day of the plaintiff's accident and piled the snow on their own lawn, they had no duty to clear the grassy area adjacent to the sidewalk and undertook no snow removal efforts in the area where the plaintiff fell (*see Wu Zhou Wu v Korea Shuttle Express Corp.*, 23 AD3d 376 [2005]; *Palopoli v City of New York*, 305 AD2d 388 [2003]). Moreover, the plaintiffs failed to raise a triable issue of fact as to whether the snow removal efforts of the defendant homeowners with respect to the sidewalk created a more hazardous condition on the adjacent grassy area between the sidewalk and the curb (*see Klotz v City of New York*, 9 AD3d 392 [2004]; *Rao v Hatanian*, 2 AD3d 616 [2003]; *Negron v G.R.A. Realty*, 307 AD2d 282 [2003]).

Similarly, even if it is assumed that the City had a duty to

clear the grassy area because of its proximity to a bus stop, the City was under no obligation to do so until the passage of a reasonable time after the ongoing precipitation had ceased, and the injured plaintiff's assertion that he slipped on preexisting ice from an earlier storm is purely speculative and insufficient to raise an issue of fact (*see Small v Coney Is. Site 4A-1 Houses, Inc.*, 28 AD3d 741 [2006]; *Palopoli v City of New York, supra*).

In regard to the foregoing, the injured plaintiff's affidavit submitted in opposition to the motions for summary judgment, containing new and contrived assertions concerning the location of his fall and the nature of the condition upon which he fell, was clearly designed to raise feigned factual issues in order to avoid the consequences of his earlier deposition testimony, and thus was inadequate to defeat the motions (*see Joseph v New York Racing Assn.*, 28 AD3d 105 [2006]; *Stancil v Supermarkets Gen.*, 16 AD3d 402 [2005]; *Semple v Sterling Estates*, 300 AD2d 297 [2002]; *Appell v State Farm Ins. Co.*, 292 AD2d 407 [2002]). Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.