■ ANTHONY CRUDO, Appellant, v CITY OF NEW YORK, Defendant, and CHARLES VENDIKOS, Respondent. [839 NYS2d 232]—

In an action to recover damages for personal injuries, etc., the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Kings County (Hinds-Radix, J.), dated October 4, 2006, as granted that branch of the cross motion of the defendant Charles Vendikos which was for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

A property owner is under no duty to pedestrians to remove ice and snow that naturally accumulates upon the sidewalk in front of the premises unless a statute or ordinance specifically imposes tort liability for failing to do so (*see D'Ambrosio v City of New York*, 55 NY2d 454 [1982]; *Reynolds v Gendron*, 28 AD3d 735 [2006]; *Wu Zhou Wu v Korea Shuttle Express Corp.*, 23 AD3d 376 [2005]; *Martinez v City of New York*, 20 AD3d 513 [2005]). No such statute was in place in New York City prior to September 14, 2003, the effective date of a revision to the Administrative Code of the City of New York imposing tort liability on certain abutting landowners, including the defendant property owner herein, for the negligent failure to remove snow and ice (*see* Administrative Code of the City of New York § 7-210; *Wu Zhou Wu v Korea Shuttle Express Corp., supra*; *Martinez v City of New York, supra*; *Klotz v City of New York*, 9 AD3d 392 [2004]). However, since the subject accident occurred prior to September 14, 2003, the statute does not apply here and the defendant property owner can only be held liable for the plaintiff's accident if he or someone on his behalf undertook snow removal efforts which made the naturally-occurring conditions more hazardous (*see Reynolds v Gendron, supra*; *Martinez v City of New York, supra*; *Friedman v Stauber*, 18 AD3d 606 [2005]).

Here, the defendant property owner made a prima facie showing of his entitlement to judgment as a matter of law by submitting evidence that neither he nor anyone acting on his behalf made the condition of the sidewalk more hazardous through negligent or improper snow removal efforts (*see Reynolds v Gendron, supra*; *Wu Zhou Wu v Korea Shuttle Express Corp., supra*; *Schor v City of New York*, 304 AD2d 550 [2003]; *Feiler v Greystone Bldg. Co.*, 302 AD2d 221 [2003]). The plaintiff's speculation that a commercial tenant must have shoveled the sidewalk on the property owner's behalf was insufficient to raise an issue of fact as to whether the property owner undertook snow removal efforts, or created a more hazardous condition (*see Krichevskaya v City of New York*, 30 AD3d 471 [2006]; *Wu Zhou Wu v Korea Shuttle Express Corp., supra*; *Rao v Hatanian*, 2 AD3d 616 [2003]; *Schor v City of New York, supra*). Rivera, J.P., Krausman, Skelos and Balkin, JJ., concur.