■ EVERLY BISONTT, Appellant, v ROCKAWAY ONE COMPANY, LLC, et al., Respondents. [850 NYS2d 621]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated September 26, 2006, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleges that on December 6, 2002 he slipped and fell on snow and ice on a sidewalk abutting a building in Queens County. At that time, the building was owned by the defendant Rockaway One Company, LLC, and managed by the defendant Oceanview Associates, LLC.

A property owner is under no duty to pedestrians to remove snow and ice that naturally accumulates upon the sidewalk in front of the premises unless a statute or ordinance specifically imposes tort liability for failing to do so (*see D'Ambrosio v City of New York*, 55 NY2d 454 [1982]; *Crudo v City of New York*, 42 AD3d 479 [2007]; *Reynolds v Gendron*, 28 AD3d 735 [2006]; *Wu Zhou Wu v Korea Shuttle Express Corp.*, 23 AD3d 376 [2005]). No such statute was in place in New York City prior to September 14, 2003, the effective date of a revision to the Administrative Code of the City of New York, which imposed tort liability on certain abutting landowners for the negligent failure to remove snow and ice (*see* Administrative Code of City of New York § 7-210, as added by Local Law No. 49 [2003] of City of New York § 1; *Wu Zhou Wu v Korea Shuttle Express Corp.*, 23 AD3d 376 [2005]; *Klotz v City of New York*, 9 AD3d 392 [2004]). Since the subject accident occurred before September 14, 2003, the code does not apply, and the defendants can only be held liable if they undertook snow removal efforts which made the naturally-occurring conditions more hazardous (*see Reynolds v Gendron*, 28 AD3d 735 [2006]; *Friedman v Stauber*, 18 AD3d 606 [2005]).

Here the defendants made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that they did not render the condition of the abutting sidewalk more hazardous through negligent snow removal (*see Reynolds v Gendron*, 28 AD3d 735 [2006]; *Wu Zhou Wu v Korea Shuttle Express Corp.*, 23 AD3d 376 [2005]; *Schor v City of New York*, 304 AD2d 550 [2003]; *Feiler v Greystone Bldg. Co.*, 302 AD2d 221 [2003]). In opposition thereto, the plaintiff failed to raise a triable issue of fact (*see Crudo v City of New York*, 42 AD3d 479 [2007]; *Krichevskaya v City of New York*, 30 AD3d 471 [2006]).

Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint (*see Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]). Mastro, J.P., Santucci, Balkin and Dickerson, JJ., concur.