■ ANNMARIE BRUZZO et al., Appellants, v COUNTY OF NASSAU et al., Defendants, and 2824 LONG BEACH ROAD, LLC, et al., Respondents. [854 NYS2d 774]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated January 3, 2007, as granted that branch of the cross motion of the defendants 2824 Long Beach Road, LLC, Cedarhurst Paper Corp., and PW3, Inc., doing business as Cedarhurst Paper, which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Annmarie Bruzzo allegedly was injured when she slipped and fell on snow and ice while walking from a parking lot to a sidewalk abutting property owned by the defendants 2824 Long Beach Road, LLC, Cedarhurst Paper Corp., and PW3, Inc., doing business as Cedarhurst Paper (hereinafter the respondents). She and her husband, asserting a derivative cause of action, commenced this action to recover damages arising from negligence. The respondents cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. We affirm the Supreme Court's grant of such relief.

The owner or lessee of property abutting a public sidewalk is under no duty to remove ice and snow that naturally accumulates upon the sidewalk unless a statute or ordinance specifically imposes tort liability for failing to do so (*see Crudo v City of New York*, 42 AD3d 479 [2007]; *Booth v City of New York*, 272 AD2d 357, 358 [2000]; *Blum v City of New York*, 267 AD2d 341 [1999]). In the absence of such a statute or ordinance, the owner or lessee can be held liable only if he or she, or someone on his or her behalf, undertook snow and ice removal efforts which made the naturally-occurring conditions more hazardous (*see Crudo v City of New York*, 42 AD3d 479 [2007]; *Klotz v City of New York*, 9 AD3d 392 [2004]; *Booth v City of New York*, 272 AD2d 357 [2000]). Here, it is undisputed that no statute or ordinance imposes tort liability upon the respondents for failing to clear ice and snow from the sidewalk. Further, in support of their motion, the respondents demonstrated, prima facie, that neither they, nor anyone acting on their behalf, made the condition of the sidewalk more hazardous through negligent or improper snow removal efforts (*see Crudo v City of New York*,

42 AD3d 479 [2007]; *Klotz v City of New York*, 9 AD3d 392 [2004]; *Booth v City of New York*, 272 AD2d 357 [2000]). In opposition, the plaintiffs failed to raise a triable issue of fact. Thus, the respondents were properly awarded summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Ritter, Carni and McCarthy, JJ., concur.