In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Galasso, J.), entered June 18, 2007, as granted that branch of the motion of the defendants Gerard Tedeschi and Eileen Tedeschi which was for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is affirmed insofar as appealed from, with costs to the respondents.
The plaintiff allegedly slipped and fell on ice on a public sidewalk abutting a premises owned by the defendants Gerard Tedeschi and Eileen Tedeschi (hereinafter the defendants).
An owner of property abutting a public sidewalk may not be held liable for injuries to pedestrians arising out of the failure to remove snow and ice that naturally accumulates on the sidewalk unless a statute or ordinance specifically imposes tort liability for failing to do so (see Roark v Hunting, 24 NY2d 470, *514 475 [1969]; Bruzzo v County of Nassau, 50 AD3d 720 [2008]; Norcott v Central Iron Metal Scraps, 214 AD2d 660, 661 [1995]). In the instant case, the applicable ordinance, Village of Freeport Code § 180-35, did not specifically impose tort liability on abutting landowners for injuries sustained by a pedestrian as a result of their failure to comply with its provisions.
In the absence of such a statute or ordinance, the owner can be held liable if he or she, or someone on his or her behalf, undertook snow and ice removal efforts which made the naturally-occurring conditions more hazardous (see Bruzzo v County of Nassau, 50 AD3d 720 [2008]; Crudo v City of New York, 42 AD3d 479 [2007]; Martinez v City of New York, 20 AD3d 513 [2005]). The failure to remove all of the snow and ice from the sidewalk does not constitute negligence (see Archer v City of New York, 300 AD2d 518 [2002]; Yen Hsia v City of New York, 295 AD2d 565 [2002]; Klein v Chase Manhattan Bank, 290 AD2d 420 [2002]; Palmer v City of New York, 287 AD2d 553 [2001]).
In response to the defendants’ demonstration of their prima facie entitlement to judgment as a matter of law, the plaintiff failed to submit evidence sufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). The plaintiff’s contention that the snow removal efforts of the defendants’ alleged agent made the condition more hazardous and contributed to the natural formation of ice when the temperature dropped was based upon conclusory and speculative assertions (see Krichevskaya v City of New York, 30 AD3d 471 [2006] ; Yen Hsia v City of New York, 295 AD2d 565 [2002]; Penny v Pembrook Mgt., 280 AD2d 590 [2001]; Davis v City of New York, 255 AD2d 356 [1998]; cf. Ricca v Ahmad, 40 AD3d 728 [2007] ). Skelos, J.E, Angiolillo, Balkin and Chambers, JJ., concur.