In an action to recover damages for personal injuries, the defendant Queens Borough Public Library appeals from an order of the Supreme Court, Queens County (Flaherty, J.), entered January 28, 2008, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.
Ordered that the order is affirmed, with costs.
The plaintiff allegedly was injured when she slipped and fell on a patch of ice located on the public sidewalk adjacent to the building occupied by the defendant Queens Borough Public Library (hereinafter the defendant). The Supreme Court denied the defendant’s motion for summary judgment dismissing the complaint insofar as asserted against it. We affirm.
In slip-and-fall cases on snow or ice, the general rule is that an “owner or lessee of property abutting a public sidewalk is under no duty to remove ice and snow that naturally accumulates upon the sidewalk unless a statute or ordinance specifically imposes tort liability for failing to do so” (Bruzzo v County of Nassau, 50 AD3d 720, 721 [2008]; see Klotz v City of New York, 9 AD3d 392, 393 [2004]; Archer v City of New York, 300 AD2d 518, 519 [2002]). While Administrative Code of the City of New York § 7-210 imposes tort liability on certain parties for, inter alia, negligent failure to remove snow and ice, that statute did not go into effect until September 14, 2003 and is not applicable here (see Bisontt v Rockaway One Co., LLC, 47 AD3d 862, 863 [2008]; Crudo v City of New York, 42 AD3d 479, 480 [2007]; Klotz v City of New York, 9 AD3d at 393).
In the absence of a statute or ordinance, an owner or lessee of property abutting a public sidewalk may be held liable where it “undertook snow and ice removal efforts which made the naturally-occurring conditions more hazardous” (Bruzzo v County of Nassau, 50 AD3d at 721; see Bisontt v Rockaway One Co., LLC, 47 AD3d at 863; Reynolds v Gendron, 28 AD3d 735, 736 [2006]; Artis v City of New York, 24 AD3d 477, 478 [2005]; *648 Amendolace v City of New York, 2 AD3d 659 [2003]; Lopez v City of New York, 290 AD2d 539, 539-540 [2002]). Here, the defendant failed to establish as a matter of law that it did not, in fact, undertake efforts to clear the sidewalk and that its snow removal activities did not create or exacerbate the icy condition which allegedly caused the plaintiff to fall (see Petrocelli v Marrelli Dev. Corp., 31 AD3d 623, 624 [2006]; Artis v City of New York, 24 AD3d 477, 478 [2005]; Legoff v 34th St. Partnership, 305 AD2d 552 [2003]; Lopez v City of New York, 290 AD2d at 540). Since the defendant failed to satisfy its prima facie burden of establishing its entitlement to summary judgment, the plaintiffs opposition papers need not be considered (see Kouros v Mendez, 41 AD3d 786, 787-788 [2007]; Legoff v 34th St. Partnership, Inc., 305 AD2d at 552-553).
The defendant’s remaining contentions either are without merit or have been rendered academic by our determination. Prudenti, EJ., Mastro, Fisher and Dillon, JJ., concur.