■ SERGE PLOTITS, Appellant, v HOUAPHING D. CHAOU, LLC, et al., Respondents, and LASER & MICROSURGERY INSTITUTE, LLC, Defendant/Third-Party Plaintiff. GUARDIAN PROPERTY MANAGEMENT OF BROOKLYN, LLC, Third-Party Defendant-Respondent. [915 NYS2d 626]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated September 9, 2009, as granted that branch of the motion of the defendant 587 Kings Highway Condominium Corp., Mgmt. of Brooklyn and the third-party defendant Guardian Property Management of Brooklyn, LLC, which was for summary judgment dismissing the complaint insofar as asserted against the defendant 587 Kings Highway Condominium Corp., Mgmt. of Brooklyn and that branch of the cross motion of the defendant Houaphing D. Chaou, LLC, which was for summary judgment dismissing the complaint insofar as asserted against that defendant.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the motion of the defendant 587 Kings Highway Condominium Corp., Mgmt. of Brooklyn and the third-party defendant, Guardian Property Management

of Brooklyn, LLC, which was for summary judgment dismissing the complaint insofar as asserted against the defendant 587 Kings Highway Condominium Corp., Mgmt. of Brooklyn and that branch of the cross motion of the defendant Houaphing D. Chaou, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it are denied.

"The owner or lessee of property abutting a public sidewalk is under no duty to remove ice and snow that naturally accumulates upon the sidewalk unless a statute or ordinance specifically imposes tort liability for failing to do so" (*Bruzzo v County of Nassau*, 50 AD3d 720, 721 [2008]; *see Robles v City of New York*, 56 AD3d 647 [2008]; *see Bisontt v Rockaway One Co., LLC*, 47 AD3d 862, 863 [2008]; *Jablons v Peak Health Club, Inc.*, 19 AD3d 369, 370 [2005]). Here, since section 7-210 of the Administrative Code of the City of New York applies, the respondent property owner and tenant were required to remove snow and ice from the abutting sidewalk. Snow removal efforts were undertaken by the respondent contractor two days prior to the accident.

The respondents failed to establish, prima facie, their entitlement to judgment as a matter of law by showing that they did not have notice of the alleged icy condition, or create it through negligent snow removal efforts. They cannot satisfy their initial burden as the movants for summary judgment merely by pointing out gaps in the plaintiff's case (*see Martinez v Khaimov*, 74 AD3d 1031, 1033 [2010]; *Baines v G&D Ventures, Inc.*, 64 AD3d 528, 529 [2009]). In light of our determination, we need not review the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Mastro, J.P., Dillon, Eng and Chambers, JJ., concur.