◼ SEAN SCHRON et al., Respondents, v JEAN'S FINE WINE & SPIRITS, INC., et al., Appellants. [979 NYS2d 684]—

In an action to recover damages for personal injuries, etc., the defendant Jean's Fine Wine & Spirits, Inc., appeals, and the defendants Mary Vignec, as executor of the estate of John Vignec, and Mary Vignec, individually, separately appeal from an order of the Supreme Court, Richmond County (Fusco, J.), entered August 13, 2012, which denied their separate motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them.

Ordered that the order is reversed, on the law, with costs, and the defendants' separate motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them are granted.

The injured plaintiff, and his wife suing derivatively, commenced this action, alleging that on January 11, 2009, at approximately 8:20 a.m., the injured plaintiff slipped and fell on a

thin layer of ice covering the sidewalk in front of commercial premises owned by the defendant Mary Vignec and her decedent (hereinafter together the owners), and leased by the defendant Jean's Fine Wine & Spirits, Inc. (hereinafter the lessee). At his deposition, the injured plaintiff testified that there was no precipitation at the time of the accident, but a storm had taken place the night before. Climatological data showed that freezing rain fell periodically in the area between the hours of 9:00 p.m. on January 10, 2009, and 5:00 a.m. on January 11, 2009.

"The owner or lessee of property abutting a public sidewalk is under no duty to remove ice and snow that naturally accumulates upon the sidewalk unless a statute or ordinance specifically imposes tort liability for failing to do so" (*Bruzzo v County of Nassau*, 50 AD3d 720, 721 [2008]; *see Huguens v Village of Spring Val.*, 86 AD3d 593, 594 [2011]; *Plotits v Houaphing D. Chaou, LLC*, 81 AD3d 620, 621 [2011]). Section 7-210 of the Administrative Code of the City of New York places such a duty on commercial property owners, and imposes tort liability for injuries arising from noncompliance (*see* Administrative Code § 7-210 [a], [b]; *Gyokchyan v City of New York*, 106 AD3d 780, 781 [2013]; *Harakidas v City of New York*, 86 AD3d 624, 626 [2011]). "[T]he language of section 7-210 mirrors the duties and obligations of property owners with regard to sidewalks set forth in Administrative Code sections 19-152 and 16-123" (*Vucetovic v Epsom Downs, Inc.*, 10 NY3d 517, 521 [2008] [internal quotation marks omitted]; *Harakidas v City of New York*, 86 AD3d at 626). Pursuant to Administrative Code § 16-123 (a), owners of abutting properties have four hours from the time the precipitation ceases, excluding the hours between 9:00 p.m. and 7:00 a.m., to clear ice and snow from the sidewalk (*Bogdanova v Falcon Meat Mkt.*, 107 AD3d 638, 639 [2013]; *Colon v 36 Rivington St., Inc.*, 107 AD3d 508 [2013]; *Rodriguez v New York City Hous. Auth.*, 52 AD3d 299, 300 [2008]). Here, the owners had until 11:00 a.m. on the day of the accident to comply with the ordinance. Since that period had not yet expired at the time of the injured plaintiff's fall, the owners demonstrated, prima facie, that they could not be liable for any failure to clear the sidewalk at the time of the accident (*see Colon v 36 Rivington St., Inc.*, 107 AD3d at 508; *Huguens v Village of Spring Val.*, 86 AD3d at 594; *Cangemi v Burgan*, 81 AD3d 583, 584 [2011]; *Rodriguez v New York City Hous. Auth.*, 52 AD3d at 299).

The tort liability imposed by section 7-210 extends to "the owner of real property abutting [the subject] sidewalk" (Administrative Code § 7-210 [b]). In the absence of a statute or

ordinance imposing tort liability on the lessee, it can be held liable only if it, or someone on its behalf, undertook snow and ice removal efforts which made the naturally-occurring conditions more hazardous (*see Bruzzo v County of Nassau*, 50 AD3d at 721). On its separate motion for summary judgment dismissing the complaint, the lessee established, prima facie, that it did not create or exacerbate any dangerous condition on the sidewalk at the time of the injured plaintiff's fall (*see Hilpert v Village of Tarrytown*, 81 AD3d 781, 782 [2011]; *Martin v RP Assoc.*, 37 AD3d 1017, 1018 [2007]; *Krichevskaya v City of New York*, 30 AD3d 471, 472 [2006]; *Booth v City of New York*, 272 AD2d 357, 358 [2000]).

The plaintiffs failed to raise a triable issue of fact in opposition to the defendants' prima facie showing. Accordingly, the Supreme Court should have granted the defendants' separate motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against each of them. Skelos, J.P., Dillon, Hall and Roman, JJ., concur.