Colletti v Bauer (2019 NY Slip Op 06742)





Colletti v Bauer


2019 NY Slip Op 06742


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-05422
 (Index No. 702420/16)

[*1]Andonina Colletti, respondent, 
v
Hazel Bauer, etc., appellant, et al., defendant.


Smith Mazure Director Wilkins Young & Yagerman, P.C., New York, NY (Marcia K. Raicus of counsel), for appellant.
Scott Baron & Associates, P.C., Howard Beach, NY (Andrea R. Palmer and Michael Stieglitz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Hazel Bauer appeals from an order of the Supreme Court, Queens County (Ernest F. Hart, J.), entered May 8, 2018. The order denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Hazel Bauer for summary judgment dismissing the complaint and all cross claims insofar as asserted against her is granted.
The plaintiff allegedly was injured when she slipped and fell on ice on a public sidewalk abutting certain premises owned by the defendant Hazel Bauer in Queens County. The plaintiff commenced this action to recover damages for personal injuries against Bauer and the City of New York. Following the completion of discovery, Bauer moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against her. The Supreme Court denied the motion, and Bauer appeals.
As a general rule, "[i]n slip-and-fall cases on snow or ice, . . . an owner or lessee of property abutting a public sidewalk is under no duty to remove ice and snow that naturally accumulates upon the sidewalk unless a statute or ordinance specifically imposes tort liability for failing to do so" (Robles v City of New York, 56 AD3d 647, 647 [internal quotation marks omitted]; see Klotz v City of New York, 9 AD3d 392, 393). In 2003, the New York City Council enacted section 7-210 of the Administrative Code of the City of New York (hereinafter Code), which, inter alia, imposes tort liability on certain abutting landowners for accidents resulting from the negligent failure to remove snow and ice from a sidewalk (see DeSilvio v Lin Zheng, 150 AD3d 679, 680). However, this provision of the Code does not apply to "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (Code § 7-120[b]). Nonetheless, even "[i]n the absence of a statute or ordinance, an owner . . . of property abutting a public sidewalk may be held liable where it undertook snow and ice removal efforts which made the naturally-occurring conditions more hazardous" (Robles v City of New York, 56 AD3d at 647 [internal quotation marks omitted]).
Here, Bauer established her prima facie entitlement to judgment as a matter of law by demonstrating that, as the owner occupant of her one-family residence, she had no statutory duty to clear snow or ice from the public sidewalk abutting her property, and by further demonstrating that she did not exacerbate any dangerous condition on the sidewalk by showing that neither she nor anyone acting on her behalf had undertaken to remove any snow or ice in the area where the plaintiff fell (see Starkou v City of New York, 128 AD3d 802, 803; see also Bruzzo v County of Nassau, 50 AD3d 720, 721-722).
In opposition, the plaintiff failed to raise a triable issue of fact (see David v Chong Sun Lee, 106 AD3d 1044, 1045; Rao v Hatanian, 2 AD3d 616, 617; see also Krichevskaya v City of New York, 30 AD3d 471, 472).
Accordingly, the Supreme Court should have granted Bauer's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against her.
AUSTIN, J.P., BARROS, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court