Zambrano v City of New York (2020 NY Slip Op 06171)





Zambrano v City of New York


2020 NY Slip Op 06171


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2018-09558
 (Index No. 508758/16)

[*1]Dolores Zambrano, appellant, 
v
City of New York, defendant, James P. Devereux, respondent.


Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Chesney, Nicholas & Brower, LLP, Syosset, NY (Scott A. Koltun and Lindsie B. Alterkun of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated May 25, 2018. The order, insofar as appealed from, granted the cross motion of the defendant James P. Devereux for summary judgment dismissing the complaint insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to recover damages for personal injuries against the defendant James P. Devereux (hereinafter the defendant) and another. The defendant owned the Brooklyn premises abutting the sidewalk where the plaintiff allegedly was injured when she slipped and fell on snow. The defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against him. In an order dated May 25, 2018, the Supreme Court, inter alia, granted the defendant's cross motion. The plaintiff appeals.
"Pursuant to Administrative Code [of the City of New York] § 16-123(a), owners of abutting properties have four hours from the time the precipitation ceases, excluding the hours between 9:00 p.m. and 7:00 a.m., to clear ice and snow from the sidewalk" (Schron v Jean's Fine Wine & Spirits, Inc., 114 AD3d 659, 660). Here, the defendant had until 11:00 a.m. on the day of the incident to comply with the ordinance. Since that period had not yet expired at the time of the plaintiff's fall, the defendant demonstrated, prima facie, that he could not be liable for any failure to clear the sidewalk at the time of the incident (see id. at 660). Further, the defendant demonstrated, prima facie, that neither he, nor anyone acting on his behalf, made the condition of the sidewalk more hazardous through negligent or improper snow removal efforts (see Colletti v Bauer, 175 AD3d 1484, 1484-1485; Schron v Jean's Fine Wine & Spirits, Inc., 114 AD3d at 661; Bruzzo v County of Nassau, 50 AD3d 720, 721). The plaintiff failed to raise a triable issue of fact in opposition (see Colletti v Bauer, 175 AD3d at 1485; David v Chong Sun Lee, 106 AD3d 1044, 1045).
Accordingly, we agree with the Supreme Court's determination to grant the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against [*2]him.
MASTRO, J.P., AUSTIN, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court