■ MARIA RODRIGUEZ, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [859 NYS2d 186]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered April 16, 2007, which, in an action for personal injuries, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff testified that on January 17, 2005, at approximately 8:20 A.M., she slipped and fell on snow and ice on the sidewalk in front of defendant's premises, and that at the time of the accident it was not snowing, but it had snowed the night before. Climatological data showed trace amounts of snow fell between 2:00 A.M. and 10:00 A.M. on January 17, and that the average temperature was well below freezing. Moreover, a grounds supervisor for defendant testified that snow removal operations began at 7:00 A.M. on January 17, which consisted of the

sidewalks first being cleared of snow and ice, and then salt and sand being spread on the ground. According to the grounds supervisor, snow removal operations were completed by 10:00 A.M.

"[A] municipality is not liable in negligence for injuries sustained by a pedestrian who slips and falls on an icy sidewalk unless a reasonable time has elapsed between the end of the storm giving rise to the icy condition and the occurrence of the accident" (*Valentine v City of New York*, 86 AD2d 381, 383 [1982], *affd* 57 NY2d 932 [1982]). In addition, pursuant to Administrative Code of the City of New York § 16-123 (a), building owners have four hours after a snowfall stops to remove snow and ice from abutting sidewalks, excluding the hours between 9:00 P.M. and 7:00 A.M. Accordingly, summary judgment was properly granted because accepting plaintiff's testimony that snowfall had ceased, defendant had until 11:00 A.M. at the earliest to complete snow removal, if the snow had stopped falling by 7:00 A.M., and the record is uncontroverted that at the time of plaintiff's fall, defendant was in the midst of snow removal operations (*see Nayman v New York City Tr. Auth.*, 25 AD3d 376 [2006]; *Prince v New York City Hous. Auth.*, 302 AD2d 285 [2003]). Furthermore, contrary to plaintiff's contention, the record is bereft of evidence that defendant's snow removal efforts made the sidewalk more dangerous (*see Joseph v Pitkin Carpet, Inc.*, 44 AD3d 462 [2007]). Concur—Tom, J.P., Mazzarelli, Gonzalez, Sweeny and DeGrasse, JJ.