ALBERTO OTERO, an Infant, by His Parent and Natural Guardian, JACQUELINE VASQUEZ, et al., Respondents, v L&M HUB ASSOCIATES, LLC, et al., Respondents-Appellants, and GREAT AMERICAN CONSTRUCTION CORP., Appellant-Respondent. (And a Third-Party Action.) [889 NYS2d 582]—

Great American's motion for summary judgment was properly denied, as the only evidence it offered that it had not contracted

to install window guards was the testimony of its principal. However, the contract unambiguously stated that Great American was to perform this work, and in light of the contract, there was no issue of fact as to the scope of the indemnity (*see Omansky v Whitacre*, 55 AD3d 373 [2008]).

Great American also contends that issues of fact as to the negligence of L&M and C&C (respectively, the owner and managing agent of the building) should have precluded summary judgment to them on the issue of contractual indemnification. While this issue is raised for the first time on appeal, we can reach it, since it is determinative and may be determined on the instant record (*see Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp.*, 65 AD3d 405, 408 [2009]). On the merits, the indemnification clause of Great American's contract will not be enforceable in the event it is determined that negligence of L&M and C&C was the sole cause of the accident (*see Zeigler-Bonds v Structure Tone*, 245 AD2d 80, 81 [1997]). Accordingly, we modify to condition the grant of summary judgment to L&M and C&C as to indemnification on a determination being made that the accident was caused, in whole or in part, by negligence of Great American. We note that, notwithstanding General Obligations Law § 5-321, the indemnification clause is enforceable to the extent indicated because it is coupled with an agreement by Great American to purchase insurance for the parties to be indemnified (*see Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d 412 [2006]).

Furthermore, plaintiff's motion for summary judgment on the issue of liability as against L&M and C&C is denied, since the motion was predicated on the incorrect assumption that a violation of Administrative Code of City of NY § 17-123 gives rise to negligence per se (*see Elliott v City of New York*, 95 NY2d 730 [2001]). Concur—Saxe, J.P., Friedman, Acosta, Renwick and Abdus-Salaam, JJ.