*176 OPINION OF THE COURT
Lucy Billings, J.
I. Background
Plaintiff sues to recover for personal injuries sustained at approximately 7:50 a.m. February 13, 2006, when he slipped and fell on the sidewalk and curb in front of the entrance to Bridges Juvenile Center, at 1221 Spofford Avenue, Bronx County, due to snow on the sidewalk. Defendant Passages Academy, plaintiffs workplace, is within Bridges Juvenile Center, a facility affiliated with defendants New York City Department of Education and Department of Correction. All defendants now move for summary judgment, dismissing the complaint against them. (CPLR 3212 [b].) For the reasons explained below, the court denies defendants’ motion.
II. Defendants’ Liability
Administrative Code of the City of New York § 16-123 (a) requires the owner or lessee of real property abutting a paved sidewalk to clear snow or ice from the sidewalk within four hours after the end of a storm, excluding 9:00 p.m. to 7:00 a.m. Defendants acknowledge their duty to clear the sidewalk area where plaintiff fell. Defendants are liable for plaintiffs injuries if (1) defendants’ snow removal or treatment created or exacerbated a dangerous condition that caused plaintiffs fall (Disla v City of New York, 65 AD3d 949 [1st Dept 2009]; Garcia v New York City Tr. Auth., 40 AD3d 399, 400 [1st Dept 2007]; Romero v ELJ Realty Corp., 38 AD3d 263 [1st Dept 2007]; Kasem v Price-Rite Off. & Home Furniture, 21 AD3d 799, 801 [1st Dept 2005]), or (2) defendants had actual or constructive notice of the dangerous snow or ice (Simmons v Metropolitan Life Ins. Co., 84 NY2d 972, 973 [1994]; Santiago v New York City Health & Hosps. Corp., 66 AD3d 435, 436 [1st Dept 2009]; Lebron v Napa Realty Corp., 65 AD3d 436, 437 [1st Dept 2009]; Wallace v Goodstein Mgt., LLC, 48 AD3d 319 [1st Dept 2008]), and failed to remedy the dangerous condition within a reasonable time and as prescribed by the statute. (Simmons v Metropolitan Life Ins. Co., 84 NY2d at 973; Rodriguez v New York City Hous. Auth., 52 AD3d 299 [1st Dept 2008].)
The only evidence defendants present to support their motion for summary judgment is three certified climatological reports for February 2006, from weather stations in New York City at Central Park, LaGuardia Airport, and John F. Kennedy International Airport. Defendants present no evi *177 dence that they did not salt or otherwise treat the snow or ice in a manner that made the area where plaintiff fell more dangerous. Defendants further fail to present any evidence to show that they did not have actual or constructive notice of ice or snow there.
All three weather reports presented by defendants record trace precipitation of snow that continued after the storm otherwise had ceased. Because the evaluation of trace precipitation depeinds on all the surrounding circumstances, including factors not revealed in the current record, whether trace precipitation amounted to a storm in progress or the cessation of the storm here remains a factual issue. (Rodriguez v New York City Hous. Auth., 52 AD3d at 299; Prince v New York City Hous. Auth., 302 AD2d 285, 286 [1st Dept 2003]; Powell v MLG Hillside Assoc., 290 AD2d 345, 346 [1st Dept 2002].) Upon this record, then, considering the evidence in the light most favorable to plaintiff (Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 37 [2004]), the court must disregard the trace precipitation.
Other than trace precipitation, the weather report from John F. Kennedy International Airport records that the storm ended by noon the day before plaintiffs fall. From the end of the storm at noon until plaintiffs fall at 7:50 a.m. the following day, almost 20 hours elapsed before his fall. Subtracting the hours between 9:00 p.m. and 7:00 a.m. (Administrative Code § 16-123 [a]) leaves almost 10 hours, far in excess of the four hours that Administrative Code § 16-123 (a) allows for defendants to clear the accumulated snow and ice. Defendants’ violation of section 16-123 (a) constitutes evidence of their negligence. (Elliott v City of New York, 95 NY2d 730, 734, 736 [2001]; Verdugo v Seven Thirty One Ltd. Partnership, 70 AD3d 600, 601 [1st Dept 2010]; Vinci v Ford Motor Co., 45 AD3d 335, 337 [1st Dept 2007]; see Otero v L&M Hub Assoc., LLC, 68 AD3d 444, 445 [1st Dept 2009].) Therefore defendants fail to establish that they were not negligent in failing to remove the snow or ice that caused plaintiffs fall.
III. Conclusion
Because defendants fail to establish a prima facie defense that they did not make the snow or ice more dangerous, through negligent attempts at removing or treating the snow or ice, or that they lacked notice of the accumulated snow and ice or a reasonable time to remedy the condition, the court need not consider plaintiffs evidence. Based on defendants’ failure to *178 meet their initial burden, the court denies their motion for summary judgment. (CPLR 3212 [b].)