TANIA ADLEY et al., Respondents, v KANSAS FRIED CHICKEN, INC., et al., Appellants/Third-Party Plaintiffs-Appellants, and SNEAKER Q LLC et al., Respondents. LOUIS S. HONG, Third-Party Defendant-Respondent. [966 NYS2d 28]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered on or about August 10, 2012, which, insofar as appealed from as limited by the briefs, denied defendants/third-party plaintiffs' cross motion for summary judgment dismissing the complaint and cross claims asserted against them or, in the alternative, for summary judgment on their common-law indemnification claim against defendant/third-party defendant Louis S. Hong, unanimously reversed, on the law, without costs, and the cross motion granted. The Clerk is directed to enter judgment in favor of defendants/third-party plaintiffs (Kansas and Bullard) dismissing the amended complaint and cross claims asserted against them.

In this action, plaintiffs seek to recover for injuries allegedly sustained in a slip and fall on an icy condition located on a shoveled pathway in front of premises owned by Kansas and/or Bullard and leased to Hong.

In the absence of any evidence of a duty to remove snow and ice or that Kansas and Bullard, the out-of-possession landlords, were involved in creating the subject pathway in the snow, summary judgment should have been granted in their favor (see *Rodriguez v New York City Hous. Auth.*, 52 AD3d 299 [1st Dept 2008]). While plaintiffs have come forward with evidence that an unidentified male created the pathway the night before the accident and shoveled the pathway again that morning, there is no indication in the record that the man is affiliated with the landlords. Moreover, it is undisputed that, by lease, the landlords delegated the responsibility to remove snow and ice to Hong. Concur—Mazzarelli, J.P., Sweeny, Freedman and Gische, JJ.