Order, Supreme Court, New York County (Barbara Jaffe, J.), entered May 17, 2012, which, to the extent appealed from as limited by the briefs, granted the motion of defendants Hui’s Rich Mansion Condominium sued herein as Hui’s Realty, Inc. and Rich Mansion Condominium for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs. The appeal from the aforesaid order, insofar as it granted the motions of the Olson’s Creative Landscaping defendants for summary judgment dismissing the complaint and all cross claims, and of Indochina Sino-American Senior Citizen Center for summary judgment dismissing the complaint, unanimously dismissed, without costs, as abandoned.
Plaintiff alleges that, at about 10:00 a.m. on a Sunday morning in January 2009, she slipped and fell on about two inches of snow and ice covering the sidewalk abutting a building owned by the Hui defendants. In support of their motion for summary judgment, defendants submitted certified climatological records which showed that precipitation, including freezing rain and snow, had fallen for some 15 hours during the 24-hour period preceding plaintiffs fall, and had stopped at about 6:00 a.m. Pursuant to Administrative Code of City of NY § 16-123 (a), defendants had until 11:00 a.m. to clear the snow and ice from the sidewalk. Since that period had not yet expired at the time that plaintiff fell, defendants established their entitlement to judgment as a matter of law (see Rodriguez v New York City Hous. Auth., 52 AD3d 299 [1st Dept 2008]).
In opposition, plaintiff failed to raise a triable issue of fact. Her argument that the snow may have accumulated from earlier storms is speculative and refuted by the climatological records (see Lenti v Initial Cleaning Servs., Inc., 52 AD3d 288 [1st Dept 2008]). Further, her contention that the condition may have resulted from the melting and refreezing of piles of snow made *509 by defendant’s handyman is not supported by his testimony, which described his general method of shoveling, not the conditions existing at the time of the accident. The theory is also contradicted by the climatological records, which show that only trace amounts of snow had fallen in the previous weeks and would have melted when the temperature rose above freezing, and that little accumulation developed in the day preceding plaintiffs fall (see Daley v Janel Tower L.P., 89 AD3d 408 [1st Dept 2011]). Concur — Acosta, J.P., Saxe, Renwick, Richter and Clark, JJ.