(January 9, 2001)

■ ALBERTO GAUDINO et al., Respondents, v 511 WEST 232ND STREET OWNERS CORP., Appellant. [719 NYS2d 39] —Order,

Supreme Court, Bronx County (George Friedman, J.), entered on or about November 29, 1999, which denied defendant's motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

This is a personal injury action arising out of plaintiff Alberto Gaudino's alleged slip and fall on the public sidewalk abutting 511 West 232nd Street, Bronx, New York (the premises). The premises are owned and maintained by defendant 511 West 232nd Street Owners Corp. (Owners Corp.).

Plaintiff testified at an examination before trial held on March 6, 1998 that: the accident occurred at approximately 10:00 A.M. on March 8, 1996; the weather at the time was cloudy and cold; white snow was on the ground where he fell, which had not been shoveled; he did not observe anyone shoveling snow either prior to, or at the time of, the accident; the snow caused him to fall; and he had no idea how long the snow was there or how deep it was. Plaintiff, in a subsequent affidavit, averred that the snow had not been "shoveled, sanded, chipped away or cleared by the defendant" and acknowledged that the conditions at the time of the accident were "snow-like," which he believed was caused by wind-blown snow. Local weather reports and climatological data submitted by defendant indicate that 3.3 inches of snow fell on the day of plaintiff's accident and that at least some snow fell each hour between 3:00 A.M. and 2:00 P.M., commencing well before and ending well after plaintiff's accident.

It is settled that the owner or lessee of property owes no duty to pedestrians to remove ice or snow that naturally accumulates on the sidewalk in front of its premises, although if it does so endeavor, it can be held liable in negligence where its acts create or increase the hazards inherent in those conditions (see, Jiuz v City of New York, 244 AD2d 298; Keane v City of New York, 208 AD2d 457).

In this matter, from plaintiff's own testimony, it is clear that no effort had been made by defendant to remove the snow which had accumulated the day before and was continuing to accumulate on the day and at the time that plaintiff fell. There is also no evidence that defendant in any way created or increased a dangerous condition on the abutting sidewalk. Concur—Sullivan, P. J., Rosenberger, Nardelli, Tom and Lerner, JJ.