■ JITA JABLONS et al., Respondents, v PEAK HEALTH CLUB, INC., Appellant. [796 NYS2d 174]—

In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (Phelan, J.), dated June 22, 2004, which denied its motion for summary judgment dismissing the complaint and granted the plaintiffs' cross motion for leave to serve an amended complaint.

Ordered that the appeal from so much of the order as granted the plaintiffs' cross motion is dismissed, as the appellant is not aggrieved by that portion of the order appealed from; and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the respondents.

An owner of property abutting a public sidewalk is under no duty to pedestrians to remove snow and ice that accumulates on the sidewalk unless a statute or ordinance specifically imposes tort liability for failing to do so, or the property owner made the sidewalk more hazardous through negligent snow removal efforts (*see Rao v Hatanian*, 2 AD3d 616 [2003]; *Shivers v Price Bottom Stores*, 289 AD2d 389 [2001]). The complaint alleged that the defendant's negligent snow removal efforts precipitated the fall of the plaintiff Jita Jablons (hereinafter the plaintiff).

The defendant failed to establish as a matter of law that its snow removal efforts did not cause, create, or exacerbate the icy condition that precipitated the plaintiff's injuries (*see Knee v Trump Vil. Constr. Corp.*, 15 AD3d 545 [2005]; *Karalic v City of New York*, 307 AD2d 254 [2003]; *Cody v DiLorenzo*, 304 AD2d 705 [2003]; *Giamboi v Manor House Owners Corp.*, 277 AD2d 201 [2000]). As such, the Supreme Court properly denied the defendant's motion for summary judgment regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Cozier, J.P., Luciano, Crane and Skelos, JJ., concur.