■ VEZVI KASEM, Appellant, et al., Plaintiff, v PRICE-RITE OFFICE AND HOME FURNITURE, Respondent, et al., Defendant. [800 NYS2d 713]—

Order, Supreme Court, Bronx County (Nelson Roman, J.), entered on or about December 8, 2003, which, insofar as appealable, denied plaintiffs' motion to renew the order, same court and Justice, dated July 9, 2003, granting defendant Price-Rite Office and Home Furniture's motion for summary judgment dismissing the complaint as against it, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, and upon renewal, the motion for summary judgment denied.

On December 27, 1995, appellant Vezvi Kasem, then 60 years old, slipped on the sidewalk in front of defendant Price-Rite's store, sustaining a compound fracture of the left wrist. She noticed that although there were piles of snow at the sides of the walkway, the middle of the sidewalk appeared clear. However, after she fell, she observed that flat, "small pieces of ice" were "stuck to the sidewalk" where she had been walking.

In March 2003, Price-Rite moved for summary judgment dismissing the complaint. It submitted the deposition testimony of the landlord's vice-president, Michelle Salvatore, who stated that she had walked along the same sidewalk at 8:30 A.M. that morning and did not see any snow or ice; that she was both a property manager and a roofer and kept a log regarding precipitation, which indicated that the most recent snowfall prior to plaintiff's accident occurred on December 9, 1995; and that at no time in the preceding six months had she seen any accumulation of snow or ice on the subject sidewalk. Price-Rite submitted climatological reports showing that there was only a trace amount of snow on the ground on the day of the accident. Price-Rite further offered the deposition testimony of its president, Stan Goldstein, who stated that if any snow or ice was observed on the sidewalk outside the store, it would be removed immediately and that the store would not open for business until any such hazard had been remedied.

In opposition, plaintiff submitted uncertified climatological reports from the National Climatic Data Center. These indicate that for Dobbs Ferry/Ardsley, situated only several miles from the accident location, it snowed three inches on December 19,

1995, seven inches on the 20th and a trace on the 21st. The reports show that as of December 27, there were still eight inches of snow on the ground and that temperatures fluctuated around the freezing mark between December 19 and 27. Plaintiff urged that the contradictory data conclusively established the inaccuracy of the weather log maintained by Michelle Salvatore.

Supreme Court granted Price-Rite's motion for summary judgment and dismissed the complaint. It noted that plaintiff's proffered climatological report was inadmissible and held that plaintiff had failed to show that Price-Rite created a more hazardous condition by its snow removal attempts so as to raise a triable issue with respect to its negligence.

Upon her motion to "renew and/or reargue" the decision (CPLR 2221 [d], [e]), plaintiff annexed a certification for the previously submitted climatological reports, explaining that she had not been "able to obtain a certified weather report in time to respond to the underlying motion." Price-Rite portrayed plaintiff's application as one seeking reargument since the "motion contains no new facts." The court agreed, adding that no reasonable excuse had been provided for the failure to submit certified copies of the climatological data in response to defendant's original application. Further, it found that plaintiff had failed to demonstrate that the court had misperceived the relevant facts or misapprehended any controlling principle of law so as to warrant reargument.

Evidence that, though previously submitted, has not been previously accepted, is appropriately considered to be new evidence (cf. CPLR 3212 [b]; Zuckerman v City of New York, 49 NY2d 557, 562 [1980] [to defeat summary judgment motion, plaintiff must produce evidence in admissible form]). Because plaintiff's motion was based on new evidence, it is properly construed as one to renew (see Framapac Delicatessen v Aetna Cas. & Sur. Co., 249 AD2d 36, 37 [1998] ["renewal . . . comports with the strong public policy in favor of resolving cases on the merits"]). Plaintiff provided a reasonable explanation for failing to submit the evidence in connection with the earlier motion, stating that there was neither time to obtain certification nor any perceived need to do so because defendant had raised no opposition to the submission of the uncertified reports.

As to the merits, plaintiff's data contradict that submitted by Price-Rite and reveal the existence of conditions that were conducive to the melting of snow and the formation of ice upon refreezing. Furthermore, Price-Rite's president admitted that

its employees engaged in snow removal and ice clearing operations on a continuing basis, activities that raise the question of whether such efforts may have made the condition of the sidewalk more hazardous to pedestrians by creating patches of ice on the sidewalk (*compare Lopez v City of New York*, 290 AD2d 539, 539 [2002], *with Gaudino v 511 W. 232nd St. Owners Corp.*, 279 AD2d 272 [2001]). Thus, the evidence raises a question of fact as to whether the snow removal measures undertaken by Price-Rite created or contributed to the condition that caused plaintiff to fall, precluding summary judgment (*see Suntken v 226 W. 75th St.*, 258 AD2d 314 [1999]; *Tubens v New York City Hous. Auth.*, 248 AD2d 291 [1998]). Concur—Tom, J.P., Andrias, Saxe, Friedman and Nardelli, JJ.