■ MARILYN ARTIS, Respondent, v CITY OF NEW YORK, Defendant, and GREATER JAMAICA DEVELOPMENT CORPORATION et al., Appellants. (And a Third-Party Action.) [808 NYS2d 291]—

In an action to recover damages for personal injuries, the defendants Greater Jamaica Development Corporation, Jamaica Center Holding Company, Inc., Edison Jamaica, LLC, Edison

Parking Garage, also known as Central Parking System of New York, Inc., Edison Parking Corp., doing business as JWG Supporting Group, Edison Parking Corporation, and Edison Parking Management, LP, appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated September 14, 2004, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

While the appellants demonstrated that they had no legal duty to remove snow from the public sidewalk abutting their premises at the time of the plaintiff's accident (*see Jablons v Peak Health Club, Inc.*, 19 AD3d 369, 370 [2005]; *Friedman v Stauber*, 18 AD3d 606 [2005]; *McConologue v Summer St. Stamford Corp.*, 16 AD3d 468, 469 [2005]), they failed to establish, as a matter of law, that they did not in fact undertake to clear the sidewalk, and that their snow removal activities did not create or exacerbate the icy condition which caused the plaintiff to fall (*see e.g. Kasem v Price-Rite Off. & Home Furniture*, 21 AD3d 799 [2005]; *Knee v Trump Vil. Constr. Corp.*, 15 AD3d 545, 546 [2005]; *Karalic v City of New York*, 307 AD2d 254, 255 [2003]; *Lopez v City of New York*, 290 AD2d 539, 540 [2002]). Accordingly, the Supreme Court properly denied their motion for summary judgment dismissing the complaint insofar as asserted against them. Prudenti, P.J., H. Miller, Mastro and Lunn, JJ., concur.