■ FRANK PETROCELLI, Respondent, v MARRELLI DEVELOP-MENT CORP. et al., Appellants, et al., Respondent. (And a Third-Party Action.) [817 NYS2d 913]—

In an action to recover damages for personal injuries, the defendants Marrelli Development Corp., Holiday Organization, Inc., and Tiffany at Westbury Condominium appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Martin, J.), entered September 2, 2005, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs to the plaintiff.

The Supreme Court properly denied the appellants' motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The appellants failed to establish as a matter of law that the snow removal procedures employed in their parking lot did not cause, create, or exacerbate the alleged hazardous condition upon which the plaintiff's decedent fell (*see Salvanti v Sunset Indus. Park Assoc.*, 27 AD3d 546 [2006]; *Vasta v Home Depot*, 25 AD3d 690 [2006]; *Jablons v Peak Health Club, Inc.*, 19 AD3d 369, 370 [2005]; *Cody v DiLorenzo*, 304 AD2d 705 [2003]; *Grillo v Brooklyn Hosp.*, 280 AD2d 452, 453 [2001]). In light of our determination, we need not consider the sufficiency of the plaintiff's opposition papers.

The appellants' remaining contentions are without merit. Prudenti, P.J., Adams, Santucci and Rivera, JJ., concur.