■ ROBERT SMITH, Respondent, v CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. WELLSBACH ELECTRIC CORP., Third-Party Defendant. [831 NYS2d 517]—

In an action to recover damages for personal injuries, the defendant City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County

(Partnow, J.), dated November 2, 2005, as granted the plaintiff's motion for leave to renew and reargue and thereupon vacated so much of a prior order of the same court dated September 14, 2005 as granted that branch of its motion which was for summary judgment dismissing the complaint insofar as asserted against it, and instead, denied that branch of the motion and, in effect, reinstated the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly was injured on April 15, 2000 while crossing Eastern Parkway in the crosswalk at the intersection of Utica Avenue, when he was struck by an automobile driven by the defendant Delroy Thompson. The plaintiff alleged that Thompson was negligent in the operation of his vehicle, and that the defendant third-party plaintiff City of New York was negligent in setting the timing of the traffic signal at the subject intersection. At his deposition, the plaintiff testified that he was in a coma for several days following the accident, and had little or no memory of the relevant facts.

At his deposition, Thompson testified that two pedestrians, including the plaintiff, were still crossing the roadway when the signal governing vehicular traffic on Eastern Parkway changed from red to green. The car ahead of Thompson's swerved, barely avoiding one of the pedestrians. Thompson then tried to follow the first car but, after swerving one way in order to avoid the first pedestrian, he swerved the other way, colliding with the plaintiff.

The record further reflects that, approximately three weeks before the accident, in response to a complaint that the traffic signal controller at the subject intersection was malfunctioning, the third-party defendant, Wellsbach Electric Corp. (hereinafter Wellsbach), repaired the traffic signal controller pursuant to a contract with the City. According to Wellsbach, the City's engineers are responsible for setting the timing sequence for the controller at that intersection. The only witness produced by the City, however, described himself as "just a record searcher" with no knowledge of "technical matters" such as the timing of traffic control devices.

Before producing any witness able to interpret traffic signal timing records, and with the plaintiff's motion, inter alia, to compel production of additional traffic control records pertaining to the subject intersection still pending, the City, among other things, moved for summary judgment dismissing the complaint insofar as asserted against it. In an order dated September 14, 2005 the Supreme Court, inter alia, denied the

plaintiff's motion and granted that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

The plaintiff subsequently moved for leave to renew and reargue, tendering an affidavit of an eyewitness Jose Cancel who stated that, just before the accident, he was proceeding on foot across Eastern Parkway approximately 10 feet behind the plaintiff, and that the light governing pedestrian traffic at that time was in their favor. According to Cancel, while he and the plaintiff were still crossing, the traffic signal changed, and Cancel observed a car in the extreme right lane on Eastern Parkway approach the intersection at a high rate of speed and strike the plaintiff very hard on the right side of his body. The plaintiff also tendered the affidavit of an expert engineer, Robert T. Hintersteiner, who opined, by way of "preliminary findings" based on available signal timing records, that the pedestrian crossing time of 17.1 seconds on the date of the accident was inadequate to cross Eastern Parkway and in violation of applicable regulations governing uniform traffic control devices (*see* 17 NYCRR 273.1—273.8). Hintersteiner further indicated that it would be improper for him to offer any final opinion or conclusion without first reviewing the City's traffic planning study for the subject intersection, which was part of the plaintiff's outstanding discovery requests.

In addition to contending that the new evidence raised triable issues of fact, the plaintiff argued that the City had failed to establish its prima facie entitlement to judgment as a matter of law, and that the branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it, in any event, had been premature in light of outstanding discovery requests (*see* CPLR 3212 [f]). The Supreme Court granted the plaintiff's motion and, upon reargument and renewal, inter alia, denied that branch of the City's motion and reinstated the complaint insofar as asserted against the City. We affirm.

To the extent the plaintiff's motion was based on new evidence, it is properly construed as one to renew, not reargue (*see Kasem v Price-Rite Off. & Home Furniture,* 21 AD3d 799, 801 [2005]). However, to the extent the plaintiff also argued that the City's motion should have been denied as premature (*see* CPLR 3212 [f]), and because it failed to establish a prima facie entitlement to summary judgment, his motion was also one for reargument (*see* CPLR 2221 [d], [f]). In any event, under the circumstances presented, the Supreme Court did not improvidently exercise its discretion in granting the motion (*see* CPLR

2221 [d], [e], [f]; *Kasem v Price-Rite Off. & Home Furniture, supra*).

Moreover, upon granting reargument and renewal, the Supreme Court properly determined that the incomplete record before it did not resolve all material issues of fact regarding the City's potential negligence and the causal relationship between such negligence and the happening of the accident (*see Ayotte v Gervasio,* 81 NY2d 1062 [1993]). The resolution of those issues must, at minimum, await completion of discovery (*see Juseinoski v New York Hosp. Med. Ctr. of Queens,* 29 AD3d 636 [2006]; *Urcan v Cocarelli,* 234 AD2d 537 [1996]; CPLR 3212 [f]). Crane, J.P., Krausman, Fisher and Dickerson, JJ., concur.