BETH ANNA FERGUSON, Respondent-Appellant, v SHU HAM LAM et al., Defendants/Third-Party Defendants-Appellants-Respondents, and 104-50 48TH AVE. CORP., Defendant/Third-Party Plaintiff-Respondent. [903 NYS2d 101]—

In an action to recover damages for personal injuries, the defendants/third-party defendants appeal from an order of the Supreme Court, Queens County (Grays, J.), entered July 30, 2008, which denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them and dismissing the third-party complaint, and granted the defendant/third-party plaintiff's motion for summary judgment dismissing the complaint insofar as asserted against it and dismissing the counterclaims asserted by them against the defendant/third-party plaintiff, and the plaintiff cross-appeals, as limited by her notice of appeal and brief, from so much of the same order as granted that branch of the defendant/third-party plaintiff's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the appeal by the defendants/third-party defendants from so much of the order as granted that branch of the defendant/third-party plaintiff's motion which was for summary judgment dismissing the complaint insofar as asserted against it is dismissed, as the defendants/third-party defendants are not aggrieved by that portion of the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the defendant/third-party plaintiff's motion which were for summary judgment dismissing the complaint insofar as asserted against it and dismissing the counterclaim asserted by the third-party defendants against it for contribution, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff and

the defendants/third-party defendants appearing separately and filing separate briefs, payable by the defendant/third-party plaintiff.

On January 22, 2001, the defendant 104-50 48th Ave. Corp. (hereinafter the corporation) conveyed to the defendants Shu Ham Lam and Zhao Fang Lam (hereinafter together the Lams) certain real property located in Queens. Two days later, on January 24, 2001, the plaintiff allegedly slipped and fell on a "plate of ice" on the sidewalk in front of the subject property and sustained injuries.

"In slip-and-fall cases on snow or ice, the general rule is that an 'owner or lessee of property abutting a public sidewalk is under no duty to remove ice and snow that naturally accumulates upon the sidewalk unless a statute or ordinance specifically imposes tort liability for failing to do so' " (*Robles v City of New York*, 56 AD3d 647, 647 [2008], quoting *Bruzzo v County of Nassau*, 50 AD3d 720, 721 [2008]). We note that, while Administrative Code of the City of New York § 7-210 imposes tort liability on certain parties for, inter alia, negligent failure to remove snow and ice, that statute did not go into effect until September 14, 2003, and is not applicable here (*see Robles v City of New York*, 56 AD3d at 647; *Bisontt v Rockaway One Co., LLC*, 47 AD3d 862, 863 [2008]).

"In the absence of a statute or ordinance, an owner or lessee of property abutting a public sidewalk may be held liable where it 'undertook snow and ice removal efforts which made the naturally-occurring conditions more hazardous' " (*Robles v City of New York*, 56 AD3d at 647, quoting *Bruzzo v County of Nassau*, 50 AD3d at 721; *see Bisontt v Rockaway One Co., LLC*, 47 AD3d at 863; *Reynolds v Gendron*, 28 AD3d 735, 736 [2006]; *Artis v City of New York*, 24 AD3d 477, 478 [2005]).

The Supreme Court erred in granting that branch of the corporation's motion which was for summary judgment dismissing the complaint insofar as asserted against it. The corporation failed to establish its prima facie entitlement to judgment as a matter of law by eliminating all triable issues of fact concerning, inter alia, who shoveled the snow on the sidewalk where the plaintiff fell, specifically whether its employees or agents shoveled the sidewalk, and when the sidewalk was shoveled. Thus, the corporation failed to demonstrate as a matter of law that it did not create or exacerbate the icy condition which allegedly caused the plaintiff to fall (*see Robles v City of New York*, 56 AD3d at 647-648; *Artis v City of New York*, 24 AD3d at 478; *Lopez v City of New York*, 290 AD2d 539, 539-540 [2002]).

The Supreme Court properly granted that branch of the

corporation's motion which was for summary judgment dismissing the counterclaim asserted against it by the Lams for indemnification because the Lams's alleged liability was based on their own negligence, rather than a theory of vicarious liability (*see Kagan v Jacobs*, 260 AD2d 442, 442-443 [1999]; *Henderson v Waldbaums*, 149 AD2d 461, 462 [1989]). However, in light of our determination that the Supreme Court improperly granted that branch of the corporation's motion which was for summary judgment dismissing the complaint insofar as asserted against it, that branch of the corporation's motion which was for summary judgment dismissing the counterclaim for contribution also was improperly granted.

The Supreme Court also properly denied the Lams's cross motion for summary judgment dismissing the complaint insofar as asserted against them and for summary judgment dismissing the third-party complaint. There was no showing of newly-discovered evidence or other sufficient cause to warrant entertaining their successive summary judgment motion (*see Sutter v Wakefern Food Corp.*, 69 AD3d 844 [2010]). In any event, like the corporation, the Lams failed to eliminate all triable issues of fact as to whether, inter alia, they or their agents performed snow removal on the sidewalk and, if so, when. Thus, the Lams also failed to demonstrate their entitlement to judgment as a matter of law by establishing, among other things, that they did not create or exacerbate the alleged icy condition which caused the plaintiff to fall (*see Robles v City of New York*, 56 AD3d at 647-648; *Artis v City of New York*, 24 AD3d at 478; *Lopez v City of New York*, 290 AD2d at 539-540).

The plaintiff's remaining contention is without merit. Mastro, J.P., Dickerson, Belen and Roman, JJ., concur.