■ GLORIA L. HARRIS, Appellant, v CITY OF NEW YORK, Defendant, and JOHN PSARAS, Defendant/Third-Party Plaintiff-Respondent. BLUSH SALON et al., Third-Party Defendants-Respondents. [998 NYS2d 101]—

In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Landicino, J.), dated October 8, 2013, as granted that branch of the cross motion of the defendant John Psaras which was for summary judgment dismissing the complaint insofar as asserted against him, and denied her cross motion for leave to amend the complaint to add the third-party defendants as direct defendants in the action.

Ordered that the order is affirmed insofar as appealed from, with costs.

On or about January 6, 2003, the plaintiff's decedent allegedly slipped and fell on a sidewalk adjacent to premises in Kings County allegedly owned by the defendant John Psaras, who leased the premises to tenants. The ground floor store of the premises was occupied by commercial tenants who were obligated pursuant to the terms of their lease to remove snow and ice from "the front sidewalk area of the leased premises."

"A property owner is under no duty to pedestrians to remove ice and snow that naturally accumulates upon the sidewalk in front of the premises unless a statute or ordinance specifically imposes tort liability for failing to do so" (*Crudo v City of New York*, 42 AD3d 479, 480 [2007]). No such provision was in place in New York City prior to September 14, 2003, the effective date of a revision to the Administrative Code of the City of New York imposing liability on certain abutting landowners (*see* Administrative Code of City of NY § 7-210; *Robles v City of New York*, 56 AD3d 647 [2008]). Because the accident occurred on January 6, 2003, Administrative Code of the City of New York § 7-210 is not applicable to this case.

"In the absence of a statute or ordinance, an owner or lessee of property abutting a public sidewalk may be held liable where it 'undertook snow and ice removal efforts which made the naturally-occurring conditions more hazardous' " (*Robles v City of New York*, 56 AD3d at 647, quoting *Bruzzo v County of Nassau*, 50 AD3d 720, 721 [2008]; *see Schwint v Bank St. Commons, LLC*, 74 AD3d 1312, 1313 [2010]). Here, Psaras made a prima facie showing of entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against him on the ground that neither he nor anyone acting in his behalf performed snow removal at the premises, and that he was not liable for any actions his tenants may have taken with respect to the sidewalk (*see Gavallas v Health Ins. Plan of Greater N.Y.*,

35 AD3d 657, 658 [2006]; *Vijayan v Bally's Total Fitness*, 289 AD2d 224 [2001]). In opposition to Psaras's prima facie showing, the plaintiff failed to raise a triable issue of fact.

Moreover, the plaintiff's cross motion for leave to amend the complaint to add the third-party defendants as direct defendants in the action pursuant to the relation-back doctrine was properly denied, since the plaintiff failed to show that the third-party defendants were united in interest with Psaras (*see Regina v Broadway-Bronx Motel Co.*, 23 AD3d 255 [2005]).

Accordingly, the Supreme Court properly granted that branch of Psaras's cross motion which was for summary judgment dismissing the complaint insofar as asserted against him, and properly denied the plaintiff's cross motion for leave to amend the complaint to add the third-party defendants as direct defendants in the action. Eng, P.J., Cohen, Hinds-Radix and LaSalle, JJ., concur.