■ Anthony P. Forlenza et al., Plaintiffs, v Salvatore Miglio et al., Respondents, and Forgione Financial Services, Inc., et al., Appellants, et al., Defendants. [13 NYS3d 183]—

In an action to recover damages for personal injuries, etc., the defendants Forgione Financial Services, Inc., Forgione Realty Corp., Forgione Accounting & Tax Services, Inc., and Frances M. Forgione appeal from an order of the Supreme Court, Kings County (Dabiri, J.), dated April 15, 2014, which denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is affirmed, with costs.

On December 21, 2009, the plaintiff Anthony P. Forlenza (hereinafter the injured plaintiff) allegedly slipped and fell on ice on a sidewalk abutting certain premises located on Graham Avenue in Brooklyn. The injured plaintiff, and his wife suing derivatively, commenced this action against, among others, Forgione Financial Services, Inc., Forgione Realty Corp., Forgione Accounting & Tax Services, Inc., and Frances M. Forgione (hereinafter collectively the Forgione defendants), who were the lessees of the premises, to recover damages for personal injuries.

" 'The owner or lessee of property abutting a public sidewalk is under no duty to remove ice and snow that naturally accumulates upon the sidewalk unless a statute or ordinance specifically imposes tort liability for failing to do so' " (*Schron v Jean's Fine Wine & Spirits, Inc.*, 114 AD3d 659, 660 [2014], quoting *Bruzzo v County of Nassau*, 50 AD3d 720, 721 [2008]). "In the absence of a statute or ordinance imposing tort liability on the lessee, it can be held liable only if it, or someone on its behalf, undertook snow and ice removal efforts which made the naturally-occurring conditions more hazardous" (*Schron v Jean's Fine Wine & Spirits, Inc.*, 114 AD3d at 660-661; *see Ferguson v Shu Ham Lam*, 74 AD3d 870, 871 [2010]; *Robles v City of New York*, 56 AD3d 647, 647-648 [2008]; *Bruzzo v County of Nassau*, 50 AD3d 720, 721-722 [2008]).

Here, the Forgione defendants, as lessees of the property, established that no statute or ordinance imposed tort liability on them (*cf.* Administrative Code of City of NY § 7-210 [applicable to owners of real property]). However, they failed to make a prima facie showing that there were no efforts to clear the sidewalk on the date of the injured plaintiff's accident or that any snow and ice removal efforts undertaken by them or by persons on their behalf did not exacerbate the hazardous condition which allegedly caused the injured plaintiff to fall (*see Roger v Homestead Renovations, LLC*, 119 AD3d 668, 669

[2014]; *Ferguson v Shu Ham Lam*, 74 AD3d 870 [2010]; *Robles v City of New York*, 56 AD3d 647, 647-648 [2008]; *Petrocelli v Marrelli Dev. Corp.*, 31 AD3d 623 [2006]; *cf. Harris v City of New York*, 122 AD3d 906 [2014]). Accordingly, the Forgione defendants were not entitled to summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Since the Forgione defendants failed to meet their prima facie burden as the movants, it is not necessary to consider whether the papers submitted in opposition to the motion were sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The Forgione defendants' remaining contentions need not be addressed in light of our determination. Leventhal, J.P., Cohen, Hinds-Radix and Duffy, JJ., concur.