■ Jacob Bleich et al., Respondents, v Metropolitan Management, LLC, Appellant-Respondent, and Valley National Bank, Respondent-Appellant. (And Third-Party Actions.) [19 NYS3d 527]—

In an action to recover damages for personal injuries, etc., the defendant Metropolitan Management, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated April 11, 2014, as denied those branches of its motion which were for summary judgment on its cross claims against the defendant Valley National Bank alleging breach of contract for failure to procure insurance and for contractual indemnification, and the defendant Valley National Bank cross-appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and for conditional summary judgment on its cross claims against the defendant Metropolitan Management, LLC, for common-law and contractual indemnification.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the

defendant Metropolitan Management, LLC, which was for summary judgment on its cross claim against the defendant Valley National Bank alleging breach of contract for failure to procure insurance, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The injured plaintiff, and his wife suing derivatively, commenced this action alleging that on January 31, 2011, he slipped and fell on ice covering the sidewalk adjacent to a building in Brooklyn. The building was owned by the defendant Metropolitan Management, LLC (hereinafter Metropolitan), and the ground floor was leased to the defendant Valley National Bank (hereinafter Valley). Pursuant to the lease agreement between Metropolitan and Valley, Valley assumed responsibility for snow and ice removal "from the sidewalks adjacent to the Demised Premises."

Following discovery, Metropolitan moved for summary judgment on its cross claims against Valley alleging breach of contract for Valley's alleged failure to procure insurance naming Metropolitan as an additional insured, and for contractual indemnification. Valley cross-moved for summary judgment dismissing the complaint and all cross claims asserted against it, and for conditional summary judgment on its cross claims against Metropolitan. In the order appealed from, the Supreme Court, inter alia, denied the motion and cross motion, finding that a triable issue of fact remained as to what constitutes the demised premises.

The Supreme Court properly denied that branch of Metropolitan's motion which was for judgment as a matter of law on its cross claim against Valley for contractual indemnification. "The right to contractual indemnification depends upon the specific language of the contract" (*Roldan v New York Univ.*, 81 AD3d 625, 628 [2011]; *see Hooper Assoc. v AGS Computers*, 74 NY2d 487, 491-492 [1989]). "The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding facts and circumstances" (*Roldan v New York Univ.*, 81 AD3d at 628). Moreover, it is axiomatic that "a party seeking contractual indemnification must prove itself free from negligence, because to the extent its negligence contributed to the accident, it cannot be indemnified therefor" (*Cava Constr. Co., Inc. v Gealtec Remodeling Corp.*, 58 AD3d 660, 662 [2009]; *see* General Obligations Law § 5-322.1; *Mikelatos v Theofilaktidis*, 105 AD3d 822, 823 [2013]; *Ventimiglia v Thatch, Ripley & Co.,*

*LLC*, 96 AD3d 1043, 1047-1048 [2012]; *Rodriguez v Tribeca 105, LLC*, 93 AD3d 655 [2012]; *Baillargeon v Kings County Waterproofing Corp.*, 91 AD3d 686, 688 [2012]). Here, Metropolitan failed to eliminate all triable issues of fact as to whether it caused, created, or exacerbated the ice condition upon which the injured plaintiff allegedly slipped. Since Metropolitan failed to meet its prima facie burden, the branch of its motion which was for judgment as a matter of law on its cross claim for contractual indemnification was properly denied, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Metropolitan did, however, establish its prima facie entitlement to judgment as a matter of law on its cross claim against Valley alleging breach of contract for failure to procure insurance naming it as an additional insured. In opposition, Valley, which does not dispute its failure to name Metropolitan as an additional insured, failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted that branch of Metropolitan's motion (*see Ford v Domino's Pizza, LLC*, 67 AD3d 633 [2009]). We note that Metropolitan's damages are limited to out-of-pocket damages caused by the breach (*see Inchaustegui v 666 5th Ave. Ltd. Partnership*, 96 NY2d 111 [2001]; *McLaughlin v Ann-Gur Realty Corp.*, 107 AD3d 469 [2013]; *Cucinotta v City of New York*, 68 AD3d 682 [2009]).

Finally, the Supreme Court properly denied Valley's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and for conditional summary judgment on its cross claims against Metropolitan for common-law and contractual indemnification. " 'The owner or lessee of property abutting a public sidewalk is under no duty to remove ice and snow that naturally accumulates upon the sidewalk unless a statute or ordinance specifically imposes tort liability for failing to do so' " (*Schron v Jean's Fine Wine & Spirits, Inc.*, 114 AD3d 659, 660 [2014], quoting *Bruzzo v County of Nassau*, 50 AD3d 720, 721 [2008]; *cf.* Administrative Code of City of NY § 7-210 [applicable to owners of real property]). "In the absence of a statute or ordinance imposing tort liability on the lessee, it can be held liable only if it, or someone on its behalf, undertook snow and ice removal efforts which made the naturally-occurring conditions more hazardous" (*Schron v Jean's Fine Wine & Spirits, Inc.*, 114 AD3d at 660-661; *see Ferguson v Shu Ham Lam*, 74 AD3d 870, 871 [2010]; *Robles v City of New York*, 56 AD3d 647, 647-648 [2008]; *Bruzzo v County of Nassau*, 50 AD3d at 721-722).

Here, Valley, as lessee, established that no statute or

ordinance imposed tort liability on it. However, like Metropolitan, Valley failed to make a prima facie showing that it was free from negligence. Valley did not show that it made no efforts to clear the sidewalk on the date of the injured plaintiff's accident or that any snow and ice removal efforts undertaken by it, or by persons on its behalf, did not exacerbate the hazardous condition which allegedly caused the injured plaintiff to fall (*see Forlenza v Miglio,* 130 AD3d 567 [2015]; *Harris v City of New York,* 122 AD3d 906 [2014]; *Ferguson v Shu Ham Lam,* 74 AD3d 870 [2010]; *Robles v City of New York,* 56 AD3d at 647-648; *Petrocelli v Marrelli Dev. Corp.,* 31 AD3d 623 [2006]; *cf. Roger v Homestead Renovations, LLC,* 119 AD3d 668, 669 [2014]). Accordingly, Valley's cross motion was properly denied in its entirety. Hall, J.P., Sgroi, Cohen and Maltese, JJ., concur.