■ EMMA RAMJOHN, Respondent, v YAHOO GREEN, LLC, Respondent, and J.P. MORGAN CHASE BANK, N.A., Appellant. [53 NYS3d 122]—

In an action to recover damages for personal injuries, the defendant J.P. Morgan Chase Bank, N.A., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered August 26, 2015, as denied its cross motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff alleged that she slipped and fell on ice on the public sidewalk abutting a Chase Manhattan Bank located in Laurelton. At the time of the alleged occurrence, the building abutting the sidewalk was owned by the defendant Yahoo Green, LLC (hereinafter Yahoo). The defendant J.P. Morgan Chase Bank, N.A. (hereinafter Chase), leased from Yahoo that portion of the building abutting the sidewalk. Under the terms of the lease and riders in effect at the relevant time, Chase was required to, inter alia, keep the sidewalks and curb in front of its premises clean and free from ice and snow.

The plaintiff commenced this action against Yahoo and Chase. Yahoo and Chase answered the amended complaint and asserted cross claims for common-law and contractual indemnification against each other. In her bill of particulars, the plaintiff alleged that Chase created the ice condition which caused her to slip and fall. After discovery, Yahoo moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against it, and Chase cross-moved for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it. The Supreme Court denied Yahoo's motion and Chase's cross motion. Chase appeals from so much of the order as denied its cross motion.

Administrative Code of the City of New York § 7-210 imposes a nondelegable duty on a property owner to maintain and repair the sidewalk abutting its property, and specifically imposes liability upon certain property owners for injuries resulting from a violation of the code provision (see Hsu v City of New York, 145 AD3d 759 [2016]; Zorin v City of New York, 137 AD3d 1116, 1117 [2016]). In slip-and-fall cases on snow or ice, the general rule is that " '[t]he owner or lessee of property abutting a public sidewalk is under no duty to remove ice and snow that naturally accumulates upon the sidewalk unless a statute or ordinance specifically imposes tort liability for failing to do so' " (Schron v Jean's Fine Wine & Spirits, Inc., 114

AD3d 659, 660 [2014], quoting *Bruzzo v County of Nassau*, 50 AD3d 720, 721 [2008]; *see Bleich v Metropolitan Mgt., LLC*, 132 AD3d 933, 935 [2015]; *Forlenza v Miglio*, 130 AD3d 567, 568 [2015]; *cf.* Administrative Code of City of NY § 7-210). "In the absence of a statute or ordinance imposing tort liability on the lessee, it can be held liable only if it, or someone on its behalf, undertook snow and ice removal efforts which made the naturally-occurring conditions more hazardous" (*Schron v Jean's Fine Wine & Spirits, Inc.*, 114 AD3d at 660-661; *see Bleich v Metropolitan Mgt., LLC*, 132 AD3d at 935; *Forlenza v Miglio*, 130 AD3d at 568; *Ferguson v Shu Ham Lam*, 74 AD3d 870, 871 [2010]; *Robles v City of New York*, 56 AD3d 647, 647-648 [2008]; *Bruzzo v County of Nassau*, 50 AD3d at 721-722).

Here, there was no statute or ordinance which imposed tort liability on Chase for the failure to maintain the sidewalk abutting its leased portion of the premises. However, Chase failed to make a prima facie showing that it was free from negligence. Chase failed to eliminate triable issues of fact as to whether it undertook snow and ice removal efforts to clear the sidewalk on the date of the subject accident, or whether any snow and ice removal efforts undertaken by it created or exacerbated the icy condition which allegedly caused the plaintiff to fall (*see Bleich v Metropolitan Mgt., LLC*, 132 AD3d at 935; *Forlenza v Miglio*, 130 AD3d at 568; *see also Robles v City of New York*, 56 AD3d at 648; *Legoff v 34th St. Partnership*, 305 AD2d 552 [2003]). Since Chase failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court properly denied its cross motion without regard to the sufficiency of the opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Chase's remaining contention is without merit. Dillon, J.P., Balkin, Austin and Connolly, JJ., concur.