Hurk-McLeod v Slope Park Assoc., LLC (2018 NY Slip Op 01047)





Hurk-McLeod v Slope Park Assoc., LLC


2018 NY Slip Op 01047


Decided on February 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
LINDA CHRISTOPHER, JJ.


2015-06176
 (Index No. 3463/11)

[*1]Lakisha Hurk-McLeod, plaintiff-respondent, 
v
Slope Park Associates, LLC, defendant third-party/third third-party plaintiff-appellant-respondent, Young Men's Christian Association of Greater New York, defendant second third-party plaintiff-appellant-respondent; City of New York, third-party defendant; Brooklyn 9th Street CVS, Inc., second third-party defendant-respondent-appellant; Mc Gowan Builders, Inc., third third-party defendant-respondent.


Miller, Leiby & Associates, P.C., New York, NY (Jeffrey Miller of counsel), for defendant third-party/third third-party plaintiff-appellant-respondent.
Ahmuty, Demers & McManus, New York, NY (Glenn A. Kaminska of counsel), for second third-party defendant-respondent-appellant.
Westermann Sheehy Keenan Samaan & Aydelott, LLP, Uniondale, NY (Peter S. Samaan and Seth D. Rosmarin of counsel), for third third-party defendant-respondent.



DECISION & ORDER
Appeals and cross appeal from an order of the Supreme Court, Kings County (Lara J. Genovesi, J.), dated May 27, 2015. The order, insofar as appealed from by Slope Park Associates, LLC, granted that branch of the motion of Mc Gowan Builders, Inc., which was for summary judgment dismissing the third third-party complaint. The order, insofar as cross-appealed from, denied the motion of Brooklyn 9th Street CVS, Inc., for summary judgment dismissing the second third-party complaint and all cross claims asserted against it and for conditional summary judgment on its cross claim against Slope Park Associates, LLC.
ORDERED that the appeal by Young Men's Christian Association of Greater New York is dismissed as abandoned for failure to perfect the appeal in accordance with the rules of this Court (see 22 NYCRR 670.8[c], [e]); and it is further,
ORDERED that the order is affirmed insofar as appealed from by Slope Park Associates, LLC, and insofar as cross-appealed from, with one bill of costs payable by Slope Park Associates, LLC, to Mc Gowan Builders, Inc., and one bill of costs payable by Brooklyn 9th Street CVS, Inc., to Slope Park Associates, LLC.
The plaintiff commenced this action against Slope Park Associates, LLC (hereinafter Slope Park), and Young Men's Christian Association of Greater New York (hereinafter the YMCA) [*2]to recover damages for personal injuries she allegedly sustained when she fell on a portion of the sidewalk along 8th Street in Brooklyn abutting the properties of Slope Park and the YMCA. According to the plaintiff, the sidewalk was defective and there was snow and ice present along the curb line.
The YMCA commenced a second third-party action against Brooklyn 9th Street CVS, Inc. (hereinafter CVS), which occupied the property owned by Slope Park, seeking common-law indemnification and contribution. CVS asserted a cross claim against Slope Park for indemnification and contribution. Slope Park commenced a third third-party action for contribution and indemnification against Mc Gowan Builders, Inc. (hereinafter Mc Gowan Builders), the contractor hired by the YMCA to construct an aquatic center on the portion of its property abutting the 8th Street sidewalk.
Mc Gowan Builders moved, inter alia, for summary judgment dismissing the third third-party complaint. CVS moved for summary judgment dismissing the second third-party complaint and all cross claims asserted against it and for conditional summary judgment on its cross claim against Slope Park. The Supreme Court granted that branch of Mc Gowan Builders' motion and denied CVS's motion. Slope Park appeals, and CVS cross-appeals.
Mc Gowan Builders established its prima facie entitlement to judgment as a matter of law dismissing the third third-party complaint. Contrary to Slope Park's contention, Mc Gowan Builders established, prima facie, that it did not create any alleged dangerous condition or entirely displace the abutting property owners' duty to maintain the sidewalk on or before the date of the subject accident, which would give rise to a duty of care on its part (see Torres v 63 Perry Realty, LLC, 123 AD3d 911, 913; Roach v AVR Realty Co., LLC, 41 AD3d 821; see generally Espinal v Melville Snow Contrs., 98 NY2d 136, 140). In opposition, Slope Park failed to raise a triable issue of fact.
CVS failed to demonstrate its prima facie entitlement to judgment as a matter of law dismissing the second third-party complaint and all cross claims asserted against it. CVS failed to make a prima facie showing that it made no efforts to clear snow and ice from the sidewalk on which the plaintiff fell prior to the accident. Further, CVS failed to make a prima facie showing that any snow and ice removal efforts undertaken by it or by persons on its behalf did not exacerbate the hazardous condition which allegedly contributed to the plaintiff's accident (see Bleich v Metropolitan Mgt., LLC, 132 AD3d 933, 935; Forlenza v Miglio, 130 AD3d 567, 568). Moreover, since CVS failed to make a prima facie showing that it was free from negligence in the happening of the plaintiff's accident, CVS was not entitled to conditional summary judgment on its cross claim against Slope Park (see Dow v Hermes Realty, LLC, 155 AD3d 824; Bleich v Metropolitan Mgt., LLC, 132 AD3d at 935).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted that branch of Mc Gowan Builders' motion which was for summary judgment dismissing the third third-party complaint, and properly denied CVS's motion for summary judgment dismissing the second third-party complaint and all cross claims asserted against it and for conditional summary judgment on its cross claim against Slope Park.
HALL, J.P., AUSTIN, SGROI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court