Zamora v David Caccavo, LLC (2021 NY Slip Op 00329)





Zamora v David Caccavo, LLC


2021 NY Slip Op 00329


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2018-05811
2018-09668
 (Index No. 701636/15)

[*1]Sonia Merchan Zamora, plaintiff-appellant,
v
David Caccavo, LLC, defendant-appellant, E & Z Food Corp., etc., respondent, et al., defendants (and a third-party action). (Appeal No. 1.)
Sonia Merchan Zamora, plaintiff-appellant,
v
David Caccavo, LLC, et al., defendants-appellants, E & Z Food Corp., etc., respondent, et al., defendant (and a third-party action). (Appeal No. 2.)


William Pager, Brooklyn, NY, for plaintiff-appellant.
Paganini, Cioci, Pinter, Cusumano & Farole (Gannon, Rosenfarb & Drossman, New York, NY [Lisa L. Gokhulsingh], of counsel), for defendant-appellant David Caccavo, LLC.
Lawrence Heisler, Brooklyn, NY (Harriet Wong of counsel), for defendant-appellant New York City Transit Authority.
Farber Brocks & Zane, LLP, Garden City, NY (Tracy L. Frankel of counsel), for respondent.
In a consolidated action to recover damages for personal injuries, (1) the plaintiff and the defendant David Caccavo, LLC, separately appeal from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered May 1, 2018, and (2) the plaintiff, the defendant David Caccavo, LLC, and the defendant New York City Transit Authority separately appeal from a judgment of the same court entered June 6, 2018. The order granted the motion of the defendant E & Z Food Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The judgment, upon the order, dismissed the complaint and all cross claims insofar as asserted against the defendant E & Z Food Corp.



DECISION & ORDER
Motion by the defendant E & Z Food Corp., inter alia, to dismiss the appeals from the order on the ground that the right of direct appeal therefrom terminated upon entry of the judgment. By decision and order on motion of this Court dated December 21, 2018, that branch of the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, the papers filed in opposition and in relation thereto, and upon the argument of the appeals, it is
ORDERED that that branch of the motion is granted; and it is further,
ORDERED that the appeals from the order are dismissed; and it is further,
ORDERED that the judgment is reversed, on the law, the motion of the defendant E & Z Food Corp. for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is denied, the complaint and all cross claims are reinstated insofar as asserted against that defendant, and the order is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff, the defendant David Caccavo, LLC, and the defendant New York City Transit Authority, appearing separately and filing separate briefs, payable by the defendant E & Z Food Corp.
The appeals from the order must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeals from the order are brought up for review and have been considered on the appeals from the judgment (see CPLR 5501[a][1]).
Shortly after midnight on the morning of February 13, 2015, the plaintiff allegedly slipped and fell on ice on the sidewalk abutting the property located at 104-02 Jamaica Avenue in Richmond Hill (hereinafter the subject property). The subject property is situated on the corner of 104th Street and Jamaica Avenue, where there is a staircase leading to an elevated train platform. The defendant David Caccavo, LLC (hereinafter Caccavo), is the owner of the subject property. The defendant E & Z Food Corp. (hereinafter E & Z), pursuant to a lease with Caccavo, operates a restaurant on the ground floor of the subject property. Under the terms of the lease and riders thereto, E & Z was required to, inter alia, keep the sidewalk and curb in front of its premises clean at all times and free from snow and ice.
The plaintiff commenced actions for personal injuries against, among others, Caccavo, E & Z, and the defendant New York City Transit Authority (hereinafter the NYCTA), which were later consolidated into the present action. Caccavo and the NYCTA each asserted cross claims against E & Z.
Following discovery, E & Z moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. In an order entered May 1, 2018, the Supreme Court granted the motion. In a judgment entered June 6, 2018, the court dismissed the complaint and all cross claims insofar as asserted against E & Z. The plaintiff, Caccavo, and NYCTA separately appeal.
Administrative Code of the City of New York § 7-210 imposes liability on the owners of real property to maintain an abutting sidewalk in a reasonably safe condition, and maintaining the sidewalk in a reasonably safe condition includes removing snow and ice from the sidewalk (see Administrative Code § 7-210[a], [b]). "Generally, a tenant owes no duty to a third party to . . . maintain an abutting sidewalk" (Maltese v Metropolitan Transp. Auth., 179 AD3d 780, 783). "In the absence of a statute or ordinance imposing tort liability on the lessee, it can be held liable only if it, or someone on its behalf, undertook snow and ice removal efforts which made the naturally-occurring conditions more hazardous" (Schron v Jean's Fine Wine & Spirits, Inc., 114 AD3d 659, 660-661).
Here, there was no statute or ordinance which imposed tort liability on E & Z for the failure to maintain the sidewalk abutting the subject property. However, E & Z's principal, Hikmatullah Rasul, testified at his deposition that E & Z was required to remove snow and ice from the sidewalk outside the subject property to the curb on both the Jamaica Avenue side and the 104th Street side. Rasul explained that when it snowed either he, his brother, or a restaurant employee would shovel snow, break up any ice, and apply salt. E & Z did not clean at the bottom of the train staircase as that was not its property.
In support of its motion for summary judgment, E & Z failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint and all cross claims insofar as asserted against it by demonstrating that it was free from negligence (see Branciforte v 2248 [*2]Thirty First Street, LLC, 171 AD3d 1003, 1004). Specifically, E & Z failed to eliminate triable issues of fact as to whether it undertook snow and ice removal efforts to clear the sidewalk on the night of the plaintiff's fall, or whether any snow and ice removal efforts undertaken by it created or exacerbated the icy condition which allegedly caused the plaintiff's fall (see id. at 1005; Ramjohn v Yahoo Green, LLC, 149 AD3d 992, 994). Since E & Z failed to establish its prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied E & Z's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., BARROS, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court