Sheikh v Chinatomby (2022 NY Slip Op 03137)





Sheikh v Chinatomby


2022 NY Slip Op 03137


Decided on May 11, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.


2019-12395
 (Index No. 5823/17)

[*1]Apple Sheikh, respondent, 
v
Charles Chinatomby, appellant.


Abamont & Associates (Farber Brocks & Zane, LLP, Garden City, NY [Charles T. Ruhl], of counsel), for appellant.
Martin L. Ginsberg, P.C., Woodbury, NY (Barry Montrose and Susan R. Nudelman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Richard G. Latin, J.), entered July 16, 2019. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when he slipped and fell on ice on a public sidewalk abutting real property owned by the defendant. Thereafter, the plaintiff commenced this action against the defendant to recover damages for personal injuries. After the completion of discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court denied the motion. The defendant appeals.
"The owner or lessee of property abutting a public sidewalk is under no duty to remove ice and snow that naturally accumulates upon the sidewalk unless a statute or ordinance specifically imposes tort liability for failing to do so" (Bruzzo v County of Nassau, 50 AD3d 720, 721; see Ming Hsia v Valle, 147 AD3d 933, 933-934; Forlenza v Miglio, 130 AD3d 567, 568). "In the absence of a statute or ordinance imposing tort liability on the [owner or] lessee, it can be held liable only if it, or someone on its behalf, undertook snow and ice removal efforts which made the naturally-occurring conditions more hazardous" (Schron v Jean's Fine Wine & Spirits, Inc., 114 AD3d 659, 660-661; see Ming Hsia v Valle, 147 AD3d at 934; Forlenza v Miglio, 130 AD3d at 568).
Here, the defendant established, prima facie, that as an owner of a one-family residential building in which he resided, he was exempt from statutory liability pursuant to section 7-210(b) of the Administrative Code of the City of New York, for the failure to remove snow, ice, dirt, or other material from the sidewalk (see Colletti v Bauer, 175 AD3d 1484, 1485; Stubenhaus v City of New York, 170 AD3d 1064, 1066; Meyer v City of New York, 114 AD3d 734, 734-735). However, the defendant failed to establish, prima facie, that he or someone on his behalf did not engage in snow and ice removal efforts prior to the plaintiff's accident or that such efforts did not create or exacerbate the hazardous condition of the sidewalk which allegedly caused the plaintiff to fall (see Ming Hsia v Valle, 147 AD3d at 934; Forlenza v Miglio, 130 AD3d at 568; Arashkovitch [*2]v City of New York, 123 AD3d 853, 854). Since the defendant failed to satisfy his prima facie burden, we need not consider the sufficiency of the papers submitted in opposition to the motion (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court