Davila v Parada (2023 NY Slip Op 02998)

Davila v Parada

2023 NY Slip Op 02998

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-07920
 (Index No. 151678/18)

[*1]Sunceris Davila, appellant, 
v
Raul Parada, respondent.

Krentsel Guzman Herbert, LLP, New York, NY (Marcia K. Raicus and Mischel & Horn, P.C. [Scott T. Horn], of counsel), for appellant.
Shearer PC, Locust Valley, NY (Jonathan M. Citrin of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Charles M. Troia, J.), dated October 9, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when she slipped and fell on ice on a public sidewalk abutting real property owned by the defendant. Thereafter, the plaintiff commenced this action against the defendant to recover damages for personal injuries. After the completion of discovery, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion, and the plaintiff appeals.
"The owner or lessee of property abutting a public sidewalk is under no duty to remove ice and snow that naturally accumulates upon the sidewalk unless a statute or ordinance specifically imposes tort liability for failing to do so" (Bruzzo v County of Nassau, 50 AD3d 720, 721; see Sheikh v Chinatomby, 205 AD3d 835, 836; Ming Hsia v Valle, 147 AD3d 933, 933-934). "In the absence of a statute or ordinance imposing tort liability on the [owner or] lessee, it can be held liable only if it, or someone on its behalf, undertook snow and ice removal efforts which made the naturally-occurring conditions more hazardous" (Schron v Jean's Fine Wine & Spirits, Inc., 114 AD3d 659, 660-661; see Sheikh v Chinatomby, 205 AD3d at 836; Forlenza v Miglio, 130 AD3d 567, 568). In 2003, the New York City Council enacted section 7-210 of the Administrative Code of the City of New York to shift tort liability for injuries resulting from hazardous sidewalk conditions from the City to abutting property owners (see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 519-520). However, this liability shifting provision does not apply to "one-, two- or three-family residential real property that is (i) in whole or in part, owner occupied, and (ii) used exclusively for residential purposes" (Administrative Code of City of NY § 7-210[b]).
Here, the defendant established his prima facie entitlement to judgment as a matter of law by demonstrating that, as the owner-occupant of his one-family residence, he had no statutory duty to clear snow or ice from the public sidewalk abutting his property (see Sheik v Chinatomby, 205 AD3d at 836; Colletti v Bauer, 175 AD3d 1484, 1485; DeSilvio v Lin Zheng, 150 AD3d 679, 680), and by further demonstrating that he did not exacerbate any dangerous condition on the [*2]sidewalk by showing that neither he nor anyone acting on his behalf had undertaken to remove any snow or ice in the area where the plaintiff fell (see Colletti v Bauer, 175 AD3d at 1485; David v Chong Sun Lee, 106 AD3d 1044, 1045). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
DUFFY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court